[Civ. No. 5853. Second Appellate District, Division One.—October 20, 1927.]

REAL SILK HOSIERY MILLS, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CLAIRE MUELLER, Respondents.

Rohe & Freston and Clyde F. Murphy for Petitioner.

G. C. Faulkner for Respondent Industrial Accident Commission.

HOUSER, J.—This is an application for a writ of review.

It appears that a young woman was employed by the applicant herein as a saleswoman or solicitor for the sale of merchandise. She performed her duties on foot. Her regular hours of employment were from 8 o'clock A. M. to 5 o'clock P. M., and she was assigned to a restricted territory within which to perform her work. Instead of receiving a stated salary, her compensation was on a commission basis. At 8 o'clock each morning she was required to report to the manager of her employer for instructions, etc. At various times preceding the date of the injury sustained by the employee, and which was the basis for the present proceeding, the employee had visited prospective customers at an hour earlier than 8 o'clock A. M., which fact was well known to her employer, and for which act the manager of the employer had publicly commended the employee and held up her action in that regard as an example to be followed by other fellow saleswomen in the employ of the common employer. The employee lived in the general neighborhood of the district in which she worked and in which was located the office of the employer. On the morning of the day on which the employee was injured she started from her home at an hour earlier than 8 o'clock A. M., and walked, not toward the office of her employer, but in an opposite direction, for the sole purpose of visiting a regular customer within her district, to whom she had previously sold merchandise, and to whom she expected to make another sale of merchandise on that day. While she was walking on the opposite side of the street which formed the boundary line of one of the sides of the district in which

she was assigned to work, an automobile ran up on the sidewalk on which the employee was walking and caused the injury of which the employee subsequently complained.

The applicant herein contends that the case falls within the rule that an employee cannot recover for injuries sustained by him while going to or from his work, and cites authorities which in general uphold such doctrine. But the facts in this case do not exactly fit with those authorities. At any rate, other authorities are to the effect that where the workman is acting about his master's business, the fact that he receives an injury while traversing the highway will not preclude a recovery; but if it be shown that the injury arose out of and in the course of the employment, the employee is entitled to compensation for the injury received by him.

In the instant matter, it appearing that the manager of the employer having expressed his approval and assent to the habit of the employee in soliciting sales of merchandise before actually reporting for duty at 8 o'clock A. M., it would follow that at the time the injury was sustained the employee was engaged in attending to business of the employer, which arose out of and in the course of her employment.

The petition should be and it is denied.

Conrey, P. J., and York, J., concurred.