Opinion by
 

 Stadtfeld, J.,
 

 This is a workmen’s .compensation case. The court below has written no opinion.
 

 Claimant was employed by defendant in the city of Philadelphia as an outdoors, or door to door, canvasser. At times he reported in the store between 8 and 8:80 each morning, but did not report to the store every morning nor was he required to do> so. While out canvassing he carried samples which he endeavored to sell. Such as he failed to sell, he sometimes left at a store in the territory in which he was working and returned there the following day. He usually started for work about 8:30.- On Monday, November 28, 1938, about 8 or 8:05 a.m. he started out of his house intending to go straight to his youte, without reporting at the store. He fell on his own doorstep, before he had even gotten
 
 *501
 
 to the sidewalk. In that fall he suffered the injuries forming the basis of the present claim.
 

 Hearing was originally held before Referee Rutter, who disallowed compensation. The board, through Commissioner Jacoby, - reversed the referee and remanded the record to ascertain the period of claimant’s, disability and the amount of the doctor’s bill. The board also made a finding of fact which said in part, “claimant, while leaving his home for jtds daily work, started walking down the steps of his home, slipped, and fell, and as a result sustained injuries....... Claimant was carrying a rug at the time, which he intended to fsell on behalf of his employer, and he was on his way to the route which he had been canvassing the day before and had pot completed.” From that finding the board also made a conclusion of law that “the claimant suffered an accident on November 28, 1938, resulting in injury while jn defendant’s employ, and while in ,the course of his employment.”
 

 The referee having ascertained the medical bill and the duration of claimant’s disability, made an award in accordance with the order of the board. From that the defendant appealed. The appeal was dismissed by the board. Defendant appealed to the court below, which court in banc dismissed the appeal. The present appeal followed.
 

 The question in this case lies within a very narrow compass, as the facts are not in dispute. Did the accident happen in the course of claimant’s employment? This must be determined under the language of Section 301, Article III of the Workmen’s Compensation Act of June 2, 1915 P. L. 736 (77 PS §411), which so far as it is material to this controversy is as follows: “The term ‘injury by accident in the course of his employment’ as used in this article...... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs
 
 *502
 
 of the employer, whether upon the employer’s premises or elsewhere.......” Was claimant actually engaged in the furtherance of the business or affairs of the master at the time he was injured? The mere fact of employment is not enough to justify an award of compensation, for the injury must be' inflicted while engaged in the course of it:
 
 Lillian Haley, Appellant, v. City of Phila.,
 
 107 Pa. Superior Ct. 405, 163 A. 917;
 
 Shoffler v. Lehigh Valley Coal Co.,
 
 290 Pa. 480, 139 A. 192. The term “course of employment” is defined in an exhaustive opinion by Mr. Justice Kephart in the case of
 
 Palko v. Taylor-McCoy Coal & Coke Co.,
 
 289 Pa. 401, 137 A. 625, wherein he says, p. 404: “The question for us to determine is whether the deceased was killed in the course of employment or when actually engaged in furthering the business of the employer while off the premises. The act specifically requires an employee to be
 
 actually
 
 so engaged if he is injured while off the employer’s premises:
 
 Maguire v. James Lees & Sons Co.,
 
 273 Pa. 85.
 

 “The term ‘course of employment’ has a necessary relatioii to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master’s business.”
 

 Coming to the facts in the instant case, we find that claimant was not required to report to his employer’s place of business except as he saw fit, before pursuing his business or employment as a salesman. He was not restricted as to territory, nor was he required at the end of the day to report at his employer’s place of business. The accident occurred as he started away from his home and going straight to his route to work, carrying a sample rug for the purpose and with the intent of selling it on behalf of his employer.
 

 Quoting from the opinion of the board in the instant
 
 *503
 
 case: “In traveling toward his first customer, a salesman or canvasser actually furthers his employer’s affairs, in the same sense, that he furthers them in traveling from one customer to another. The risks of the highway are as much an incident of his employment in one case as in the other. It seems consonant with both experience and logic to hold that in the absence of some element specifically fixing the point at which such employment begins, the point of beginning of employment should coincide with the time when the employee enters upon his daily operations. Where it is his duty to report to his employer, the beginning of his employment should be fixed in relation to his employer’s premises; when, however, he proceeds directly from his home to his customers, he should be held to be in the course' of his employment from the time he leaves his home.”
 

 The exact point involved in the instant case has not been passed on by our appellate courts.
 

 In the jurisdictions where this problem has been considered, the courts generally have arrived at the conclusions above stated. Thus in the case of
 
 Harby v. Harwell Brothers,
 
 196 N. Y. S. 729, the Supreme Court of New York held that when a salesman leaves his home to visit a customer directly, he is in the course of his employment from the time when he leaves his home. In discussing its conclusions, the court reasoned: “If his work did not begin until he reached the town in which he was to visit a customer, the question remains: At what point in that town did it begin? Certainly, not at the corporate limits or the station.......Did he begin work when he reached the business place of the first hoped for customer? And if so, did his work cease when he had finished with that customer and not begin again until he reached the next in the same town? It seems logically we must so hold, if we hold that his work did not begin until he reached his customer’s place of business. But we have before held the contrary.......”
 

 
 *504
 
 This decision was affirmed Per Curiam by the New York Court of Appeals, Judge Cardozo participating: 235 N. Y. 504, 139 N. E. 711. The principle was again applied by the New York Court in the case of
 
 Bennett v. Marine Works, Inc.,
 
 290 N. Y. S. 243. Also recognizing or applying this doctrine are the following:
 
 U. S. Casualty Co. v. Superior Hardware Co.,
 
 175 Wis. 162, 184 N. W. 694;
 
 Real Silk Hosiery Mills v. Industrial Accident Commission of California,
 
 86 Cal. App. 189, 260 Pac. 807.
 

 Applying the principles stated, supra, it is our opinion that claimant was- actually furthering the business of his employer at the time of the accident; that he had definitely left his home within the meaning of the rule established by the cases cited.
 

 The assignments of error are overruled and judgment affirmed.