Carolyn J. Davis, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Foodarama Supermarkets, Inc., Respondents.

Argued December 8, 1978, before Judges CRUM-ISH, JR., BLATT and MacPHAIL, sitting as a panel of three.

*Charles J. Hair,* with him *Thomas & Hair,* for petitioner.

*John E. Roberts,* with him *Thomas A. Wallitsch,* for respondent.

OPINION BY JUDGE MacPHAIL, March 15, 1979:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee denying benefits to Carolyn J. Davis (Claimant). Claimant is the widow of Joseph W. Davis, Sr. Davis had been employed as a licensed pharmacist by Foodarama Supermarkets, Inc. at their Reading store for approximately three years prior to his death. Before he began his employment, Davis understood that he would be expected to work, when necessary, at Foodarama stores located in Allentown and Bethlehem as well as the store at Reading. The record indicates that Davis had worked at these other stores approximately five times between January 1, 1972, and the date of his death on

May 3, 1973. On that date Davis was returning from the Bethlehem store to his home in Reading at about 9:35 p.m. when he was involved in an automobile accident which claimed his life. He had left the Bethlehem store at about 9:10 p.m.

Claimant applied for benefits on the premise that Davis was serving his employer at the time of his death, either in the ordinary course of the activities of his employment or in a special errand or mission capacity. After several hearings, the referee issued 25 detailed findings of fact and concluded that Claimant was ineligible for death benefits because her husband had not sustained his fatal injuries during the course of his employment, as that term was defined in Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).[1]

Claimant argues that the Board erred in affirming the referee's conclusion that Claimant failed to prove by sufficient, substantial evidence that the fatal injuries arose in the course of employment.

From the record we ascertain that on the day of his death Davis went to the Bethlehem store to replace the manager of that store who had to be absent for duties elsewhere. Davis worked his regular hours of employment on the date in question and received

---

[1] The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe . . . arising in the course of his employment and related thereto . . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury. . . . The term 'injury arising in the course of his employment,' . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . . .

Section 301(c)(1) of the Act, 77 P.S. §411(1).

one and one-half hours. extra pay according to the terms of his employment contract because he was working in a store other than his regular one in Reading. Davis was operating a car his wife had rented for their joint use while their own automobile was being repaired. When he left the Bethlehem store he had no further-obligation to his employer that evening and was simply enroute home when the accident occurred.

It is well settled that in a workmen's compensation case it is for the referee as fact-finder to determine the credibility and weight of the evidence and such determinations are not within the scope of review of this Court. *Scarpelli v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 30, 333 A. 2d 828 (1975). However, the question of whether a decedent was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts. *Schick v. Newspaper Guild of Greater Philadelphia,* 25 Pa. Commonwealth Ct. 108, 358 A.2d 127 (1976). Unless an employment contract includes transportation to and from work or the employee has no fixed place of work or is on a special mission for his employer, an employee going to and from work is not furthering the affairs of his employer during such journey and will be denied compensation for injury or death during the course of that journey. *Schick, supra.*

In the instant case Claimant has failed to prove that Davis came within any of the exceptions to the general rule. All of the pertinent facts found by the referee upon substantial evidence compel the conclusion, as a matter of law, that Davis did not die as the result of an injury sustained in the course of his employment.

Accordingly, we affirm.

### ORDER

AND Now, this 15th day of March, 1979, the order of the Pennsylvania Workmen's Compensation Appeal Board, dated May 26, 1977, denying benefits to the Claimant, Carolyn J. Davis, is affirmed.