540 A.2d 1377

Action, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Talerico), Respondents.

Submitted on briefs January 27, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael P. Shay, Shay & Santee,* for petitioner.

*John R. Lenahan, Jr., Lenahan & Dempsey, P.C.,* for respondent.

OPINION BY JUDGE PALLADINO, May 10, 1988:

Action, Inc. (Petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee to award death benefits to Marilyn B. Talerico (Claimant) on behalf of Donald P. Talerico (Decedent). We reverse.

Decedent was employed by Petitioner as a supervisor and managed Petitioner's Scranton, Pennsylvania office.[1] On the evening of February 10, 1983, Decedent attended a meeting of the Northeastern Claims Association, which is an association of insurance adjusters and

---

[1] Petitioner is engaged in the business of vocational rehabilitation, which involves dealing with insurance companies, often in the context of workmen's compensation cases. At the time of his death, Decedent was president of Petitioner.

others involved in the insurance industry.[2] As he returned home from the meeting, Decedent was fatally injured when he slipped on a patch of ice in his driveway, fell, and impaled himself on a metal pipe in the yard.[3]

Claimant filed a fatal claim petition on May 23, 1983. At the hearings held before the referee, Claimant testified that when she returned from work at 11:30 P.M. on February 10, 1983, Decedent was not at home. Claimant further testified that she found Decedent's body in the driveway at approximately 7:00 A.M. on the morning of February 11, 1983.[4] Claimant also presented the testimony of Thomas Sawchak, one of Decedent's co-workers, and George F. Gallagher, one of Decedent's acquaintances. Both attended the meeting and indicated that when they left the site of the meeting, Decedent remained there to play cards with other members of the Association.[5]

Claimant also presented the testimony of David Druck, now president of Petitioner, who indicated that the Northeastern Claims Association (Association) conducts monthly meetings, which include discussion of

---

[2] Claimant testified that, according to her children, Decedent came home first and then left for the meeting from his house. Testimony of Claimant at 7.

[3] An autopsy performed on Decedent disclosed that the cause of death was irreversible shock, massive hemorrhage, and traumatic laceration of blood vessels. The autopsy further revealed that Decedent's blood alcohol level was .15%.

[4] Testimony of Claimant at 8.

[5] Thomas Sawchak, secretary of Petitioner, testified that he left the meeting site at 10:30 P.M. on the evening in question and that Decedent remained at the site. Testimony of Sawchak at 28. George F. Gallagher, a self-employed professional photographer-investigator, testified that he left the meeting site at midnight on the evening in question and that Decedent remained at the site. Testimony of Gallagher at 33.

business, guest speakers, and socializing. Mr. Druck stated that attendance at the Association meetings was an important way of making contacts with representatives of the insurance industry in order to obtain new business and maintain old business. Mr. Druck also testified that Petitioner paid its employees' membership dues in the Association, expected the employees to attend the monthly meetings, and provided Decedent with a company car for which it paid the maintenance and insurance.[6]

By decision dated June 3, 1986, the referee awarded death benefits to Claimant, finding that Decedent's death occurred in the course of his employment.

The Board affirmed and, on appeal to this court, Petitioner argues that Decedent's death did not occur in the course of his employment, but occurred at home as the result of the condition of Decedent's drive-way. Petitioner contends that even if Decedent's transportation to and from the Association meeting was in the course of employment, that transportation concluded upon his arrival at home. Petitioner also contends that Decedent's consumption of alcohol to the point of intoxication constituted an abandonment of employment, and that Decedent's activities between the hours of midnight and 7:00 A.M. are unknown.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.),* 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987). Further, where the Board takes no additional evidence, the ultimate fact-finder is the referee whose findings of fact, if supported by substantial evi-

---

[6] Testimony of Druck at 12-20.

dence, must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act)[7] provides that a fatal injury is compensable if the injury arises during the course of employment and is related thereto. Section 301(c)(1) also states that compensable injures shall include those "sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." Whether an employee was acting in the course of his employment at the time of injury is a question of law to be determined on the basis of the findings of fact. *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service)*, 109 Pa. Commonwealth Ct. 96, 530 A.2d 545 (1987).

We note that, as a general rule, injuries sustained by an employee traveling to or from his place of work are not compensable under the Act. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa. Commonwealth Ct. 540, 503 A.2d 1096 (1986). However, injuries sustained by an employee while going to or coming from work *are* compensable if: (1) the employment contract included transportation to and from work; (2) the employee has no fixed place of work; (3) the employee is on special assignment for the employer; or (4) special circumstances are such that the employee was furthering the business of the employer. *Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries)*, 69 Pa. Commonwealth Ct. 241, 244, 451 A.2d 10, 11 (1982).

---

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

In this case, the referee determined that Decedent's primary responsibilities were to make contact with insurers, secure them as clients, and maintain business relations with them. Finding of Fact No. 4. The referee also found that Decedent's work duties required travel to different offices as well as attendance at business and social meetings outside the office. Finding of Fact No. 4, and that attendance at Association meetings was within the course of employment. Finding of Fact No. 11.

We are here concerned with whether this meeting was part of the regular duties of Claimant's employment. If it was, then his trip home was indistinguishable from the return trip of any other working day and an injury in the course thereof would not be compensable.

In *Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979), we were faced with an employee whose usual place of employment was a supermarket in Reading. As part of his job, he was expected, when necessary, to work at other stores owned by his employer in Allentown and Bethlehem. In the sixteen months prior to his death, claimant had worked in the Allentown and Bethlehem stores. We held that when Davis left the Bethlehem store "he had no further obligation to his employer that evening and was simply enroute home when the accident occurred." *Id.* at 265, 398 A.2d at 1106. Claimant's trip to Bethlehem was not a "special mission." Thus, his injuries were not sustained in the course of employment and were not compensable.

Similarly, in the case at bar, the record clearly shows that Claimant's job duties required his attendance at meetings and that these meetings were frequently held at locations other than the office he managed.

The case at bar is indistinguishable from *Davis* in that the activity he was pursuing, namely attendance at

monthly meetings, was understood to be a normal function of his employment. As such, it did not constitute a "special mission." When he left the meeting to return home, he had no further obligation to Petitioner and, like any other workday, was merely enroute home.[8] An injury while going to or coming from work is not compensable. *Setley.*[9]

Accordingly, we reverse.

## ORDER

AND NOW, May 10, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

---

[8] Petitioner's reliance on *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.)*, 88 Pa. Commonwealth Ct. 426, 489 A.2d 1006 (1985) is misplaced. In *Jones* the injured employee worked out of her own home, was paid for transportation on a portal-to-portal basis, and went to employer's office only upon request for conferences.

[9] Because we conclude that Decedent was not within the course of his employment at the time of his death, we need not address Petitioner's other contentions regarding Decedent's blood alcohol level and Decedent's activities between the hours of midnight and 7:00 A.M.

---

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

Most respectfully I must record my disagreement with the opinion and decision of the majority and record my dissent.

As a corporate officer, decedent takes his status as an employee, not under Section 301(c)(1) where the majority puts him, but by virtue of the amendment to Section 104, 77 P.S. §22, enacted in 1956, whereby every executive officer of a corporation "shall be an employe of the corporation . . . ," so that the "premises" and other related cases that form the basis for the opinion of the

majority are not applicable. On the contrary, a corporate officer is an employee at all times regardless of the occasion or location, just so long as he is engaged in furthering the business of the corporation. The result is that his employment status is like that of a "roving employe" who is deemed to be in the course of his employment from the time when he leaves his home until he is back in his home. Decedent had not yet arrived in his home and, therefore, his injury and death where they occurred on his driveway were compensable. *Cohen v. Central Home Furniture Co.,* 146 Pa. Superior Ct. 499, 23 A.2d 70 (1941). Furthermore, it should be noted that employees such as the decedent are deemed by presumption to continue in employment. *Wolfinbarger v. Addressograph-M,* 188 Pa. Superior Ct. 136, 146 A.2d 309 (1958).

Since deceased was an executive officer and an employee by virtue of Section 104, with scope of employment as indicated, and was not a mere employee, as the majority has concluded, under Section 301(c)(1), I would under the circumstances involved here affirm the order of the Workmen's Compensation Appeal Board in affirming what I believe to be a proper decision by the referee.