641 A.2d 664

**Patsy C. BRADSHAW, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BELL HEARING AID CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 14, 1994.

Decided April 20, 1994.

Gregory R. Reed, for petitioner.

R. Burke McLemore, Jr., for respondent.

Before CRAIG, President Judge, NEWMAN, J., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Patsy C. Bradshaw (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Claimant benefits on the basis that she was not in the course of her employment at the time of her injury.

Claimant was employed by Bell Hearing Aid Center (Employer) as a licensed hearing aid fitter. On August 9, 1990, Claimant was injured in an automobile accident. On November 5, 1990, she filed a claim petition alleging that she was in the course of her employment at the time of the accident.

At a hearing before a referee, Claimant testified that she managed an office for Employer and performed testing, evaluations and fitting of hearing aids. She also sold and serviced hearing aids. Claimant further testified that she was expected to do presentations and seminars at nursing homes, retirement centers and any other place where prospective clients might be located. Claimant testified that she made appointments outside the office and that she was primarily, but not solely, in the office.

Claimant also testified as to a sales meeting held by Employer on August 3, 1990 during which the employees were encouraged to increase sales. Claimant testified:

[W]e were encouraged to do more. It was a typical pump-up-sales kind of meeting. They wanted you to get out there—it was our obligation to do whatever was necessary to get those clients to be evaluated and sell them a hearing aid if they had a hearing loss.

. . . .

We were told to get out of the office and go get heavy on the reach programs, set up service centers. It was our obligation to contact those administrators of the different facilities and get in there.

. . . .

So we were to go out and solicit and whatever it took to get the business is basically what he said. Whatever it takes to get the business, it's your obligation to do that.

N.T., p. 10.

Claimant also testified as to the occurrence of the accident. On August 9, 1990, she left her office at 4:00 p.m. to evaluate a patient at the Jewish Home in Harrisburg. Claimant completed the evaluation and left the Jewish Home around 5:00 p.m. Claimant testified that she had a second appointment that evening to see a patient at Holy Spirit Hospital in Camp Hill. There was no specific time for the appointment, and Claimant was to be there sometime during evening visiting hours.

After leaving the Jewish Home, Claimant took Route 81. Claimant testified that because her home was on the way to

the hospital, she intended to stop and let her dog out and have dinner. Claimant testified that if she were not going to stop at her house, she would have taken the same route to the hospital as she took that evening. As Claimant crossed the George Wade Bridge on Route 81, her car was sideswiped by a tractor trailer.

By decision dated March 6, 1992, the referee dismissed Claimant's petition. He concluded that Claimant did not establish that she was in the course of her employment when she was injured. The referee made the following pertinent conclusions of law:

3. When a claimant is on her way home from work and intends to resume work after a short stay the claimant is not in the course of her employment on her way home from work.

4. A claimant who primarily works out of an office but often makes trips outside of the office for business purposes is not a travelling employee and is not in the course of her employment while going home from work from an outside assignment.

5. Unlike a temporary employee the claimant did have a fixed location for work.

Claimant appealed to the Board which affirmed the referee. Appeal to this Court followed.

On appeal, Claimant argues that the referee erred in concluding (1) that she did not establish that she was in the course of her employment when she was injured, and (2) that a claimant who is not a travelling employee is not in the course of her employment while going home from work from an outside assignment.[1]

■ Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed or whether all necessary findings of fact are supported by substantial evidence. *Pesta v. Workmen's Compensation Appeal Board (Wise Foods)*, 153

---

1. Claimant makes no argument that the referee erred in concluding that she was not a travelling employee.

Pa.Commonwealth Ct. 616, 621 A.2d 1221 (1993). Whether a claimant is in the course of his or her employment at the time of the injury is a question of law to be determined on the basis of the findings of fact. *Kear v. Workmen's Compensation Appeal Board (Fairman Drilling Co.),* 102 Pa.Commonwealth Ct. 193, 517 A.2d 586 (1986).

As a general rule, injuries sustained by an employee travelling to or from his or her place of employment are not compensable under the Workers' Compensation Act.[2] *Unity Auto Parts, Inc. v. Workmen's Compensation Appeal Board (Bigley),* 148 Pa.Commonwealth Ct. 4, 610 A.2d 1071, *petition for allowance of appeal denied,* 528 Pa. 618, 596 A.2d 801 (1991). This rule is grounded on the recognition that in the usual case, an employee travelling to or from work is not engaged in the furtherance of the employer's affairs. *Peer v. Workmen's Compensation Appeal Board (B & W Construction),* 94 Pa.Commonwealth Ct. 540, 503 A.2d 1096 (1986).

There are exceptions to this rule, however, and an injury sustained by a claimant while going to or coming from work may be compensable if: (1) the employment contract included transportation to and from work; (2) the employee has no fixed place of work; (3) the employee is on special assignment for the employer; or (4) special circumstances are such that the employee was furthering the business of the employer. *SEPTA v. Workmen's Compensation Appeal Board (Scott),* 136 Pa.Commonwealth Ct. 98, 582 A.2d 421 (1990), *petition for allowance of appeal denied,* 527 Pa. 658, 593 A.2d 428 (1991). These exceptions are intended to cover situations in which an employee is travelling to or from work but in doing so continues to act in the course of his or her employment. *Peer.*

Claimant first argues that she falls within the third and fourth exceptions to the above-stated rule. We will first consider whether, at the time of her injury, Claimant was on a special assignment for Employer.

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

In *City of Monessen School District v. Workmen's Compensation Appeal Board (Hays)*, 155 Pa.Commonwealth Ct. 56, 624 A.2d 734 (1993), the claimant, an assistant band director, was injured while returning home from a party hosted by the Band Parents. The referee found that the claimant's attendance at the meeting was a special mission and/or special circumstance of her employment and that the injuries which the claimant sustained occurred in the course of her employment. On appeal, this Court held that the claimant was engaged in the mission of ensuring the continuation of the school band on her return home from the Band Parents party.

In the case before this Court, less than a week before her injury, Employer had encouraged its employees to get out of the office and solicit business. The employees were also encouraged to make presentations at nursing homes and retirement centers in an effort to increase sales. Although Employer did not specifically request that Claimant evaluate the patient at the Jewish Home, Claimant was complying with Employer's general directive to get out of the office and solicit business. Therefore, under the facts of this case, we hold that Claimant was on a special mission for Employer and thus falls within an exception to the "coming and going rule."

Employer relies on *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa.Commonwealth Ct. 81, 540 A.2d 1377 (1988), *aff'd*, 523 Pa. 419, 567 A.2d 1040 (1990), for the proposition that an employee on a trip home from an appointment is not on a special mission for the employer. In that case, the decedent was an insurance adjuster who attended the monthly meeting of an association of insurance adjusters and others involved in the insurance industry. As he returned from the meeting, he was fatally injured when he slipped on a patch of ice in his driveway. The referee granted benefits and the Board affirmed. On appeal, this Court held that because attendance at the monthly meeting was a normal function of decedent's employment, he was not on a special mission at the time of his death. The Court stated that "[w]hen he left the meeting to return home, he had no further

obligation to [Employer] and, like any. other work day, was merely enroute home." *Id.*, 116 Pa.Cmwlth. at 86, 540 A.2d at 1379.

In the case before us, Claimant was not "merely enroute home" with "no further obligation to Employer." Because Claimant intended to proceed to her second appointment of the night at Holy Spirit Hospital after stopping at her home, she was not merely enroute home. Stopping at home for a sandwich was no different than stopping at a restaurant between her two assignments. Further, unlike the decedent in *Action,* Claimant's second appointment was a "further obligation to Employer." We thus find *Action* to be distinguishable on this basis.

Based on the above discussion, we reverse the order of the Board.

## ORDER

AND NOW, this 20th day of April, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.