Joseph SIMKO, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (United States Steel Corporation–Edgar Thomson Works), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2014.
Decided Oct. 17, 2014.

Darren K. Parr, Pittsburgh, for petitioner.

Marie J. Shiring, Pittsburgh, for respondent United States Steel Corporation.

BEFORE: DAN PELLEGRINI, President Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Joseph Simko (Claimant) petitions for review of the April 22, 2014, order of the Workers' Compensation Appeal Board (WCAB) reversing the decision of a workers' compensation judge (WCJ) to grant Claimant's claim petition. We affirm.

On September 30, 2011, Claimant filed a claim petition alleging that he sustained a brain injury on September 13, 2011, during the course and scope of his employment with United States Steel Corporation–Edgar Thomson Works (Employer). Claimant was injured in an automobile accident while commuting to Employer's premises for a meeting. (WCJ's Interlocutory Order at 1.)

The WCJ held a hearing at which the parties agreed to bifurcate the proceedings to initially address whether Claimant was in the course and scope of employment at the time of the accident. (WCJ's Findings of Fact, No. 2.) On December 29, 2011, the WCJ heard testimony from the parties' witnesses on this issue.[1] (WCJ's Interlocutory Order at 7.)

Claimant worked for Employer for 15 years; his position at the time of his injury was strand operator in the caster department. (Id. at 1.) Employer holds two types of safety meetings: monthly safety meetings and stand-down meetings

---

1. The WCJ noted that her credibility determinations were limited to disputed testimony regarding whether Employer ever notifies its employees by phone about upcoming stand-down meetings (SDMs) and how far in advance employees receive notice of a SDM. (WCJ's Interlocutory Order at 8.) Employer and Claimant did not dispute any other points of testimony. (Id.)

(SDMs). Monthly safety meetings concern a particular topic, are held at the same time each month for each department, and are mandatory. (*Id.* at 2.) Claimant admitted that attending the meetings is part of his regular work duties. (*Id.* at 1.) Employer notifies employees of the meetings in the employees' work schedules, which are distributed the week before the meeting. (*Id.* at 4.) Employees must appear one and one-half hours before their shifts start for the meeting. (*Id.*) On September 6, 2011, Claimant's supervisor distributed schedules to caster department employees listing the monthly safety meeting for Claimant's shift crew (C crew) for Tuesday, September 13, 2011, at 1:30 p.m. (*Id.*)

SDMs are held when serious accidents or fatalities occur. (*Id.* at 2.) Unlike monthly safety meetings, SDMs are infrequent and not typically posted on employees' weekly schedules. (*Id.*) The meetings are conducted by senior process leaders (SPLs) and attended by safety department managers and other "big brass." (*Id.*) Employer decided to schedule SDMs for the week of September 11, 2011. (*Id.* at 5.) During the week of September 11, 2011, every crew, except C crew, held an SDM separate from its monthly safety meeting. (*Id.* at 6.) Louis Krizmanich, the caster department's SPL, decided to incorporate the SDM content into the first portion of the C crew's previously scheduled monthly safety meeting on September 13. (*Id.* at 5.) One employee attending the C crew

meeting noted that no "big brass" managers attended that meeting. (*Id.* at 3.)

On October 31, 2012, the WCJ issued an interlocutory order concluding that Claimant was en route to a SDM and in the course and scope of employment when he was injured. (WCJ's Interlocutory Order at 8–9.) Specifically, the WCJ found that Claimant met the "special mission" exception to the coming and going rule.[2] (*Id.* at 9.)

On November 15, 2012, Employer filed a protective appeal to the WCAB; however, the parties agreed to hold the appeal in abeyance until the WCJ made a final decision on the merits of Claimant's claim petition.[3] On November 29, 2012, the parties presented testimony and evidence regarding the extent of Claimant's injuries. (WCJ's Findings of Fact, Nos. 3–9.)

On November 13, 2013, the WCJ issued a decision and order granting Claimant workers' compensation (WC) benefits for the period of September 13, 2011, through January 15, 2012, plus attorney's fees; the decision reiterated that Claimant was in the course and scope of employment at the time of his injury.[4] (*Id.*, Nos. 10–11.) The WCAB determined that the WCJ erred in concluding that Claimant was in the course and scope of his employment at the time of his injury. (WCAB Decision, 4/22/14, at 7–8.) Specifically, the WCAB determined that substantial evidence did not support the WCJ's finding that Claimant was in the course and scope of his employment when he sustained his injuries. (*Id.* at 7.) Claimant petitioned this court for review.[5]

---

**2.** The WCJ also concluded that Claimant was "in the furtherance of the employer's business at the time of the [automobile accident]." (WCJ's Interlocutory Order at 8–9.)

**3.** While the matter was pending, Claimant returned to work on January 15, 2012.

**4.** On December 6, 2013, the WCJ issued an amended order revising a finding regarding

attorney's fees; the WCJ otherwise reaffirmed the original decision and order. (WCJ's Amended Order.)

**5.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary factual findings are supported by substantial evi-

■ Initially, Claimant argues that the WCAB erred in reversing the WCJ because he was on a special mission for Employer. Specifically, Claimant argues that he was injured en route to the meeting and Employer had replaced the monthly safety meeting with a SDM, which is more compulsory than a monthly safety meeting. We disagree.

This court has previously held:

As a general rule, an injury received by an employee while traveling to and from work is not compensable. However, such an injury is compensable if one of the following exceptions to the "coming and going rule" exist: (1) the employment contract included transportation to and from work; (2) the employee has no fixed place of work; (3) the 'employee is on a special mission; or (4) special circumstances are such that the employee was furthering the business of the employer.

*Village Auto Body v. Workers' Compensation Appeal Board (Eggert)*, 827 A.2d 570, 573 (Pa.Cmwlth.2003).

Where attending meetings is part of an employee's regular work duties, traveling to or from such a meeting is not a special mission. *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa.Cmwlth. 81, 540 A.2d 1377, 1379 (1988) *aff'd,*. 523 Pa. 419, 567 A.2d 1040 (1990). Contrary to Claimant's assertion, Employer did not replace the monthly safety meeting with a "more mandatory" SDM. Claimant did not dispute Krizmanich's testimony that Employer simply incorporated the SDM content into the first portion of the scheduled monthly safety meeting. Claimant admitted that he was required to attend safety meetings as part of his regular work duties. Even if the monthly

meeting had not incorporated the SDM content, Claimant would have been required to come to the scheduled 1:30 p.m. meeting on September 13, 2011. Therefore, Claimant was not on a special mission.

■ Next, Claimant argues that the WCAB erred in reversing the WCJ because the "special circumstances" exception applies. Specifically, Claimant argues that he was injured while furthering Employer's interests because he was commuting to work early for a SDM on workplace safety, which furthers Employer's safety goals. We disagree.

■ Section 301(c)(1) of the Workers' Compensation Act (Act) [6] permits compensation to claimants who are injured when "actually engaged in the furtherance of the business or affairs of the employer." 77 P.S. § 411(1). This phrase must be liberally construed in accordance with the humanitarian purpose of the Act. *Lewis v. Workers' Compensation Appeal Board (Andy Frain Services, Inc.)*, 29 A.3d 851, 862 (Pa.Cmwlth.2011). However, a claimant must still show that he was acting for the employer's benefit and convenience and not simply commuting to or from his place of employment. *Mackey v. Workers' Compensation Appeal Board (Maxim Healthcare Services)*, 989 A.2d 404, 410–11 (Pa.Cmwlth.2010). " '[I]t is always in the employer's interest that employees come to work ... This interest, far from being a special circumstance, is a universal one.' " *Id.* at 411 (citation omitted).

Even if the meeting had not included SDM information, Claimant still would have been required to attend the September 13 monthly safety meeting as part of his regular duties. Claimant did not dis-

---

dence.   Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**6.**  Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

pute that monthly safety meetings are treated as part of an employee's shift, that employees are paid their hourly wage during the meetings, or that employees must arrive early to attend the meetings. Although attendance at the meetings furthers Employer's safety goal, it is still part of Claimant's regular work duties. Therefore, the special circumstances exception does not apply.[7]

Finally, Claimant argues that the WCAB improperly re-weighed the WCJ's credibility determinations in reversing her decision. Again, we disagree.

 "[I]t is a fundamental principle of workers' compensation law that the WCJ is the final arbiter of witness credibility and evidentiary weight." *Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Bonner and Fitzgerald)*, 85 A.3d 1109, 1115 (Pa.Cmwlth.2014). "A WCJ is free to accept or reject, in whole or in part, the testimony of any witness." *Moberg v. Workers' Compensation Appeal Board (Twining Village)*, 995 A.2d 385, 388 n. 1 (Pa.Cmwlth.2010).

The WCJ noted that her credibility determinations were limited to two disagreements regarding how Employer notifies employees about SDMs. The WCAB appeared to address those two issues only to illustrate that the WCJ focused on testimony concerning general SDM protocol and ignored undisputed testimony regarding this specific September 13 meeting. (WCAB's Decision, 4/22/14, at 7.) Thus, the WCAB was not re-weighing witness credibility; it was merely stating that those two issues did not relate to whether Claimant was in the course and scope of employment at the time of his injury. (*Id.*)

Accordingly, we affirm.[8]

*ORDER*

AND NOW, this 17th day of October, 2014, we hereby affirm the April 22, 2014, order of the Workers' Compensation Appeal Board.

7. Citing *Wetzel v. Workers' Compensation Appeal Board (Parkway Service Station)*, 92 A.3d 130 (Pa.Cmwlth.2014), Claimant also argues that the WCAB's determination that he was not acting under special circumstances is contrary to the Act's remedial and humanitarian purpose. In *Wetzel*, we determined that a gas station manager was acting in furtherance of his employer's business when he was killed while attempting to stop a robber from escaping. *Id.* at 135. We noted that the phrase " 'actually engaged in the furtherance of the business or affairs of the employer' " must be liberally construed. *Id.* at 136. Unlike the present case, however, the *Wetzel* claimant was injured on his employer's premises during his shift; thus, he was entitled to WC benefits absent a showing that he had aban-

doned his course and scope of employment prior to being injured. *Id.* Here, Claimant was merely commuting to fulfill his regular work duties and, thus, is not entitled to WC benefits even under a liberal interpretation of the Act.

8. Claimant also requests that we remand to the WCAB to address the issue of whether Claimant has fully recovered from his September 13, 2011, injury. The WCAB did not address this issue in its decision because it determined that Claimant was not in the course and scope of his employment at the time of injury. Because we affirm the WCAB's decision, a remand is not warranted.