IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mandeep Rana, : 
              Petitioner : 
               : 
       v. : 
               : 
Workers' Compensation Appeal : 
Board (Asha Corporation), : No. 1401 C.D. 2016
              Respondent : Submitted: February 3, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COSGROVE                  FILED: September 29, 2017


Karan and Pushpa Singh (Claimants) petition for review of an August 10, 2016 order of the Workers' Compensation Appeal Board (Board), denying compensation as dependents under a fatal claim petition. Upon review, we reverse and remand.

Claimants are the parents of Mandeep Rana (Decedent). At the time of his death, Decedent was employed by Asha Corporation (Employer) as a manager-in-training. Employer is a franchisee of Dunkin' Donuts, with three operations located in Wyncote, Horsham, and Hatfield, all in Pennsylvania. During Decedent's period of employment, which commenced on October 1, 2010 and ended November 14, 2010,[1] Decedent was assigned primarily to the Wyncote

---

[1] Decedent worked for Employer during a prior period, from 2008-2009. He returned to India for a time, obtained a student visa, and came back to the United States to further his education.

location with the expectation he would respond to operational issues at the other locations. Such operational issues would include delivering products among the three locations and covering for sick employees.

On November 12, 2010, Employer called Decedent around 10 p.m. and left a message informing him a kitchen employee at the Hatfield location had fallen ill while completing his scheduled shift. Decedent called Employer back and said he would investigate the situation. Decedent and another employee were involved in a motor vehicle accident en route to the Hatfield location. Two days later, Decedent died due to injuries sustained in the accident.

On August 14, 2012, Claimants filed a Fatal Claim Petition under the Workers' Compensation Act (Act)[2] for compensation as dependents of Decedent. After a hearing, the Workers' Compensation Judge (WCJ) found that, at the time of the accident, Decedent was furthering Employer's business and was on a special assignment for Employer. Thus, Decedent was in the course and scope of his employment at the time of the accident and Claimants were entitled to collect compensation. The WCJ made further findings that reciprocity exists between the United States and India pursuant to workers' compensation laws of India as required by the Act and Claimants were dependents of Decedent, and calculated Decedent's weekly wage and corresponding compensation rate. The WCJ also ordered Employer to pay any and all medical expenses incurred for treatment of Decedent and to reimburse the Department of Public Welfare (DPW) $71,330.84, the amount of a lien held by DPW.

Employer appealed to the Board on the basis Decedent was performing his regular job duties. Employer also argued the WCJ erred in the

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

following: calculating Decedent's average weekly wage and compensation rate; finding reciprocity exists with India, as required by Section 310 of the Act;[3] finding Decedent's parents were dependents; failing to account for Employer's subrogation interest against a third-party recovery made by Decedent's parents; and ordering payment of the lien held by the DPW which had already been paid out of the third-party recovery. The Board reversed the decision of the WCJ, concluding Decedent was performing his regular job duties and declining to address the remainder of Employer's arguments. This appeal followed.[4]

The sole issue presented to this Court is whether Decedent was in the course and scope of his employment when he was involved in the fatal automobile accident.

Claimants argue the Board erred when it reversed the decision of the WCJ because Decedent was injured while in the course and scope of his employment. (Claimants' Brief at 10.) Decedent's conduct and duties on the date of the accident satisfy an exception to the general rule that an employee may not be compensated for an injury suffered while commuting to and from work. *Id.* at 16. Specifically, Claimants contend Decedent had no fixed place of employment and

---

[3] Section 310 provides in relevant part that "[a]lien widows, children, and parents shall be entitled to compensation so long as compensation benefits are granted residents of the United States under the laws of the country in which the widow, children, or parent resides. 77 P.S. § 563.

[4] The Court's scope of review on appeal of an administrative agency adjudication, regardless of which party prevailed below, is limited to determining whether there has been a constitutional violation or an error of law and whether findings of fact are supported by substantial evidence. *Whelen v. Workmen's Compensation Appeal Board (F.H. Sparks Co. of Pa., Inc.),* 532 A.2d 65, 66 (Pa. Cmwlth. 1987).

his injuries sustained while en route to the Hatfield location are compensable. *Id.* at 14.

Employer responds that the WCJ's findings do not support a conclusion that Decedent was on a special assignment/mission. (Employer's Brief at 8.) Further, Decedent regularly worked at any one of the three locations and he therefore had a fixed place of employment. *Id.* at 5. Employer also claims that Decedent was not on a special mission for Employer as returning to the stores after hours was a normal part of Decedent's duties as a manager. *Id.* at 11. As this was a normal and routine part of his work duties, occurring at least once a week, Employer argues that Decedent cannot be found to have been on a special mission for the Employer at the time of the accident. *Id.*

Under the "going and coming rule," injuries sustained by an employee while traveling to or from his place of work do not occur in the course of employment and are therefore not compensable under the Act. *Rox Coal Co. v. Workers' Compensation Appeal Board (Snizaski)*, 768 A.2d 384, 386 (Pa. Cmwlth. 2001). There are four recognized exceptions to this rule. An injury sustained while commuting to work "may be compensable if: (1) the employee's contract includes transportation to and from work; (2) the employee has no fixed place of work; (3) the claimant is on special assignment for the employer; or (4) special circumstances are such that the claimant was furthering the business of the employer." *Id.* These exceptions are intended to cover situations in which an employee is traveling to or from work but, in doing so, continues to act in the course of employment. *Peer v. Workmen's Compensation Appeal Board (B & W Const.)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986).

4

Claimants argue the Board erred in reversing the decision of the WCJ because, even were Decedent not on a special mission for Employer, the Board could have affirmed on the basis that Decedent had no fixed place of employment. (Claimants' Brief at 16-17.) Citing multiple decisions of this Court, Claimants assert a reviewing court (or agency acting as an appellate tribunal) may affirm an order of an administrative tribunal where grounds for affirmance exist, even if the reasons relied on by that tribunal were incorrect. *Id.* at 10-11.

Employer relies on *Davis v. Workmen's Compensation Appeal Board (Foodarama)*, 398 A.2d 1105 (Pa. Cmwlth. 1979), in support of its argument that, because Decedent was expected to work in any one of Employer's three locations, he had a fixed place of employment.

First we address whether Decedent had a fixed place of employment, as that issue is the crux of Claimants' argument.

Employer is correct that, in *Davis*, this Court found a decedent had a fixed place of employment when he regularly worked at multiple locations of the employer. However, we believe *Davis* is distinguishable from the case *sub judice*. The decedent in *Davis* was headed home when he was involved in a fatal automobile accident. The Court noted that "[w]hen he left the Bethlehem store he had no further obligation to his employer that evening and was simply en route home when the accident occurred." *Davis*, 398 A.2d at 1106. The decedent in *Davis* received extra compensation for having worked "in a store other than his regular one…" per the terms of his employment contract. *Id.* Instantly, Decedent had not yet fulfilled his obligations to Employer and the record indicates Decedent had no employment contract.

5

This Court has analyzed course of employment cases in two ways, depending on whether the claimant is a traveling or stationary employee. *Jamison v. Workers' Compensation Appeal Board (Gallagher Home Health Services)*, 955 A.2d 494, 498 (Pa. Cmwlth. 2008). What constitutes "scope and course of employment" is broader for traveling employees than for stationary employees, and it includes driving to any appointment for the employer. *Id.* Whether a claimant is a traveling employee is determined on a case by case basis, and the Court must consider whether the claimant's job duties involve travel, whether the claimant works on the employer's premises or whether the claimant has no fixed place of work. *Holler v. Workers' Compensation Appeal Board (Tri Wire Engineering Solutions, Inc.)*, 104 A.3d 68, 71 (Pa. Cmwlth. 2014).

The parties do not dispute Decedent was manager of the Wyncote store, and we must conclude, as to the Wyncote store, Decedent was a stationary employee. With regard to the other stores, the facts we can glean from the record are thus. Harshad Patel (Patel), Employer's owner and sole shareholder, testified at a February 27, 2013 deposition. While his employees would work at other locations, if needed, Patel testified that "most of the managers don't clock in or clock out." (2/27/2013 Deposition of Patel at 14.) When asked whether Decedent made any prior trips to the Hatfield store, Patel stated he was "sure he did, yes." *Id.* at 21. Employees worked at other locations "if needed, and if and when needed." *Id.* at 13. Decedent would at times accompany Patel to "check out" the business and attend meetings. *Id.* at 21. Such meetings would take place at one of the franchise stores or at a corporate location or hotel. *Id.* at 30.

Patel's workers' compensation insurance carrier interviewed him on February 28, 2011. A summary of this interview was submitted as an exhibit at the

6

February 27, 2013 deposition. Patel was granted the opportunity to review the statement and, other than a few insignificant details,[5] Patel acknowledged it was true and accurate to the best of his knowledge. (S.R.R. at 3b.) During the interview, Patel confirmed he had no formal policy for employees being on call and no formal on call schedule exists. (S.R.R. at 20b.)

Kashyapsinh Jedeja (Jedeja) was Decedent's roommate and the other employee with Decedent the night of the accident. (12/14/2012 Deposition of Jedeja at 12.) He managed the Horsham location and worked for Employer from 2009 through January 2011. *Id.* at 10-12. Prior to that night, Jedeja had been to the Hatfield store once to help out. *Id.* at 26. When asked if it was something he would typically do, Jedeja answered in the negative. *Id.*

Having reviewed the record, we conclude there is not sufficient evidence to support a conclusion that Decedent was a stationary employee in regards to Employer's locations in Hatfield and Horsham. While Patel testified he believed Decedent had been to the Hatfield location prior to the night of the accident, there is no record evidence to corroborate this, especially in light of the short duration of Decedent's employment, which was just shy of six weeks. At no time was it suggested Decedent had ever been to the Horsham location during those six weeks. Accordingly, we conclude Decedent was a traveling employee.

Having thus determined Decedent was a traveling employee, Decedent is entitled to a presumption that he was working for Employer during the

_____

[5] Patel identified two errors in the summary. First, the production schedule would at times start earlier than the stated 9:00 p.m. time frame. (Supplemental Reproduced Record (S.R.R.) at 2b.) Second, the employee who was in the car with Decedent at the time of the accident terminated his employment with Patel in January 2011, and not October 2010, as reflected in the summary. *Id.*

7

drive from his home to the Hatfield location. *Holler*, 104 A.3d at 72. To rebut this presumption, Employer had to establish Decedent's actions at the time of the accident were "so foreign to and removed from" his usual employment that those actions constituted abandonment of employment. *Id.* The record before us contains no such evidence. As a result, Decedent's injuries were sustained in the scope and course of his employment and are compensable under the Act.

Even were this Court to conclude Decedent was a stationary employee with a fixed place of employment at the Horsham and Hatfield locations, Decedent's injuries could be deemed compensable. As a stationary employee, Decedent would have been on a special assignment for his employer at the time of the accident.

The WCJ granted benefits following a finding that Decedent was executing a special mission for the Employer outside of the Employee's regular duties. (Reproduced Record (R.R.) at 23a.) In reversing the decision of the WCJ, the Board concluded Decedent was performing his regular job duties and, therefore, the accident which occurred while Decedent was en route to the Hatfield location did not fall within one of the exceptions to the going and coming rule. (R.R. at 9a.)

At the February 27, 2013 deposition, Patel testified to the following. On the day of the accident, Patel and Decedent had "back and forth communication" about an issue with the Hatfield location. (2/27/13 Deposition of Patel at 10.) Decedent had already completed his morning shift and would not typically be driving to the Hatfield store at 10:00 p.m. *Id.* Decedent offered to go to the store and investigate the situation and told Patel not to worry about it. *Id.* at 22. The car Decedent drove was owned by Patel. *Id.* at 17. Decedent used the car

8

personally but also to run errands for the business. *Id.* at 18. Personal vehicles were generally used by employees for such errands, but for deliveries and "something bigger," Employer had a company truck available for use. *Id.* at 19. On the night of the accident, Decedent went to the Hatfield location "to check out and see if everything was okay." *Id.* at 15. In such situations, someone in Decedent's position would typically assist an employee in getting medication or call in another employee to finish the baking. *Id.* at 24.

Section 301(c) of the Act permits compensation to claimants who are injured when "actually engaged in the furtherance of the business or affairs of the employer." 77 P.S. § 411(1). This phrase must be liberally construed in accordance with the humanitarian purpose of the Act. *Simko v. Workers' Compensation Appeal Board (U.S. Steel Corp-Edgar Thomson Works)*, 101 A.3d 1239, 1242 (Pa. Cmwlth. 2014). A claimant must still show he was acting for the benefit and convenience of the employer and not simply commuting to or from his place of employment. *Id.* A claimant qualifies for the special assignment exception when acting in accordance with responsibilities as an "on call" employee. *See City of Philadelphia v. Workers' Compensation Appeal Board (Stewart)*, 728 A.2d 431, 433 (Pa. Cmwlth. 1999).

In the case *sub judice*, Decedent, having already worked his regular shift, was traveling to the Hatfield store in lieu of Patel. Decedent was investigating the situation on behalf of Patel to determine whether additional action needed to be taken. In finding Decedent was on a "special assignment" for Employer, the WCJ noted that Patel knew and approved of Decedent traveling to the Hatfield location. (R.R. at 23a.)

9

Clearly, Employer expected Decedent to travel to the Hatfield location and investigate any operational issues. After receiving a call that an employee was ill, Patel called Decedent and left him a message. (2/27/13 Deposition of Patel at 21-22.) Implicit in this action is a request that Decedent travel to the Hatfield location. Otherwise, Patel would have driven there himself. *Id.* at 42. Based on the facts before us, the Board erred in concluding Decedent was not on a special mission for Employer. Rather, if he were a stationary employee, the record supports the opposite conclusion. Decedent's actions fall within the third exception to the going and coming rule. He was on a special mission for his Employer and thus acting in the scope and course of his employment at the time of the fatal accident. *City of Philadelphia.*

Employer concludes its brief by arguing that, should this Court reverse the decision of the Board on the issue of scope and course of employment, the matter should be remanded to the Board to address Employer's issues which the Board declined to reach. (Employer's Brief at 13-14.) As Employer was not an aggrieved party, it had no right to appeal the Board's order. *See* Pa.R.A.P. 501. We therefore agree a remand is required to resolve the following issues:

1. Whether the WCJ erred in the calculation of Decedent's average weekly wage and compensation rate;

2. Whether the WCJ erred in finding reciprocity exists for a United States citizen dependent pursuant to the workers' compensation laws of India;

3. Whether Decedent's parents failed to establish they received a substantial portion of their support from Decedent at the time of his death and were substantially dependent upon him;

4. Whether the WCJ erred by failing to account for Employer's subrogation interest against a third-party recovery made by Decedent's parents; and

5. Whether the WCJ erred in ordering payment of a DPW lien which was already paid out of the third-party recovery.

Accordingly, we reverse the order of the Board with regard to its conclusion that the circumstances surrounding Decedent's motor vehicle accident do not fall within an exception to the going and coming rule and remand for proceedings consistent with this opinion.

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mandeep Rana,                                :
                Petitioner        :
                                  :
        v.                  :
                                  :
Workers' Compensation Appeal       :
Board (Asha Corporation),            :   No. 1401 C.D. 2016
           Respondent        :

## O R D E R

AND NOW, this 29th day of September, 2017, the order of the Workers' Compensation Appeal Board is hereby reversed and we remand this matter for proceedings consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge