VILLAGE AUTO BODY, Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (EGGERT),
Respondent.

Linda Eggert, Petitioner,

v.

Workers' Compensation Appeal Board
(Village Auto Body), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2003.

Decided June 19, 2003.

Patrick R. Vitullo, Plymouth Meeting, for petitioner.

Joel I. Herzfeld, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

Linda Eggert (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board). The Board affirmed the Workers' Compensation Judge's (WCJ) decision to award

Claimant death benefits as a result of the death of her husband, David G. Eggert (Decedent), in a motorcycle accident; however, the Board reversed the WCJ's decision to grant her and her children medical expenses. Village Auto Body (Employer) filed a cross-appeal from the Board's decision.[1]

Employer is a family business that is owned by Decedent's father, Richard Eggert (Eggert). In anticipation of his taking over the family business, Decedent was given responsibility for every aspect of its operation. Typically, Decedent worked for Employer Monday through Friday from 7:00 a.m. until 8:00 p.m. On July 21, 2000, a Friday, Decedent was requested to stop at Eggert's house over the weekend to discuss business because Eggert planned to take off work Monday and Tuesday. Specifically, Eggert wanted to review with Decedent a special job that had to be completed on Monday.

On Sunday afternoon, July 23, 2000, Decedent stopped by Eggert's home as requested, and they discussed business for the next 30 to 45 minutes. Thereafter, Claimant and the children arrived at the house followed by Decedent's grandmother.[2] Eggert invited Decedent to stay for dinner but Decedent declined. Decedent left on his motorcycle at approximately 6:30 p.m. and was followed by Claimant and their children.

Five minutes after leaving Eggert's residence, Claimant and her children came upon an accident scene. Decedent's motorcycle had collided with a car. Claimant pulled off the road and left the children in the car as she approached the Decedent, who was lying on the ground and barely

1. This Court *sua sponte* consolidated these appeals by order on December 16, 2002.

2. Claimant testified that she and the children arrived at approximately 5:15 p.m. or 5:30 p.m. Decedent's grandmother arrived at approximately 6:30 p.m. Reproduced Record, 21a, 23a (R.R. ——).

alive. Paramedics arrived and pronounced him dead at the scene; the cause of death was blunt trauma to the trunk. Claimant and her children followed the paramedics to Grandview Hospital where they received psychological treatment. Claimant is still taking antidepressant medication, and both of her children are still receiving counseling as a result of this incident.

Based on these facts, the WCJ granted Claimant's fatal claim petition. The WCJ concluded that Decedent was on a special mission in furtherance of the Employer's business when he was injured and, therefore, Employer was liable for the payment of death benefits.[3] Further, the WCJ concluded that Employer was liable for payment of psychological services and medication provided to Claimant and her children as a result of Decedent's death. Employer appealed this determination to the Board.

The Board affirmed in part and reversed in part. The Board concluded that Employer was liable for death benefits. However, it concluded that the WCJ erred in ordering Employer to pay for Claimant and her children's medical expenses. As a result of this determination, Employer and Claimant each petitioned this Court for review. Employer challenges that the Board's conclusion that Decedent was killed in the scope of employment, and Claimant challenges the Board's conclusion that the psychological services required by her husband's traumatic death are not compensation benefits.

■ The first issue is whether Decedent sustained his fatal injury while in the course of his employment.[4] Section 301(c)(1) of the Workers' Compensation Act,[5] provides that a fatal injury is compensable if the injury arises during the

---

**3.** The WCJ also concluded that Employer had to pay funeral expenses and litigation costs.

**4.** This Court's scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Brown v. Workmen's Compensation Appeal Board (Liken Employment Nursing Services),* 138 Pa.Cmwlth.560, 588 A.2d 1014, 1015 n.2 (1991).

**5.** Section 301(c)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), provides,

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such

injury and its resultant effects, and occurring within three hundred weeks after the injury. The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; nor shall it include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

course of employment and is related thereto. Whether an employee is acting in the course of his employment at the time of injury is a question of law to be determined from the record. *Action Inc. v. Workmen's Compensation Appeal Board (Talerico),* 116 Pa.Cmwlth.81, 540 A.2d 1377, 1379 (1988).

 As a general rule, an injury received by an employee while traveling to and from work is not compensable. However, such an injury is compensable if one of the following exceptions to the "coming and going rule" exist: (1) the employment contract included transportation to and from work; (2) the employee has no fixed place of work; (3) the employee is on a special mission; or (4) special circumstances are such that the employee was furthering the business of the employer. *Wells Fargo Company v. Workers' Compensation Appeal Board (Pacheco),* 764 A.2d 1147, 1150 (Pa.Cmwlth.2000). The Board found the third exception applicable here.

Employer contends that the special mission exception did not apply because Decedent and Eggert were engaged in an extended social visit rather than a business meeting. Employer relies on *Brown v. Workmen's Compensation Appeal Board (Liken Employment Nursing Services),* 138 Pa.Cmwlth.560, 588 A.2d 1014 (1991) to support its argument.

In *Brown,* this Court refused to find a special mission exception where the claimant was struck by a motor vehicle while crossing a public roadway after leaving her employer's annual Christmas party held at the office. We reasoned that the claimant was not required to attend the party and her attendance was not necessary to further employer's interest in completing a job assignment.

 Here, however, Decedent was required to meet with Eggert over the weekend to discuss jobs in the shop that had to be completed during Eggert's absence. Further, the meeting, at the time and place of Employer's choosing, was necessary to discuss business matters. Under the *Brown* principles, Decedent was on a special mission for Employer when he met with Eggert.[6]

However, Employer rejoins that Decedent deviated from the special mission be-

---

6. Employer contends that Decedent was not on a special mission because he was not traveling to or from a specifically scheduled event or responding to an immediate emergency. Employer's Brief, 12. Employer relies on several cases to support this thesis: *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton),* 142 Pa.Cmwlth.531, 597 A.2d 1241 (1991) (waiter was acting in the scope of employment when he arrived at one restaurant and was directed by employer to go to another restaurant and was struck by a car while traveling to the other restaurant); *City of Philadelphia v. Workers' Compensation Appeal Board (Stewart),* 728 A.2d 431 (Pa. Cmwlth.1999) (employee was acting in the scope of employment when he was injured in a car accident while traveling to employer's plant to fix an electrical problem while on call); and *City of Monessen School District v. Workmen's Compensation Appeal Board*

*(Hays),* 155 Pa.Cmwlth.56, 624 A.2d 734 (1993) (employee was acting in the course of his employment as assistant band director when she was injured driving home from a band parents organization function she was attending at the direction of the band director).

In each of the cases cited by Employer, the employer requested the employee to engage in an activity that was not normally a part of the employee's duties, and employee was injured in the course of responding to the employer's request. Accordingly, holdings support the Board's holding here. Decedent normally did not work on Sundays. However, he went to Eggert's house to discuss business at the direction of Employer. Under the precedent cited by Employer, Decedent was furthering the business of Employer when he met with Eggert.

cause he remained at the house for two hours after the meeting to socialize with his mother, father and grandmother. Employer relies on *Carr v. Workmen's Compensation Appeal Board (May Department Store)*, 671 A.2d 780 (Pa.Cmwlth. 1996) to support this argument.

In *Carr*, this Court concluded that the claimant's injury was not work-related because it occurred many hours after she left a conference she was attending at the direction of her employer. After leaving the conference, the claimant went sightseeing and drinking in Boston, approximately thirty-five miles away from the hotel room provided by the employer. The claimant was injured five and a half hours later upon her return to the hotel. This Court reasoned that the claimant was no longer furthering the business of her employer at the time of injury because her sightseeing (and drinking) in Boston was not required, and it did not further employer's business.

Here, Decedent continued to further the business of Employer even after the formal meeting. Although Decedent socialized with the family, he also continued to discuss business matters with Eggert. Notably, Decedent declined Eggert's invitation for dinner because he had already planned a social visit with his grandmother for the following night. Even as Decedent left the house, he and Eggert discussed business. Because the nature of the visit remained oriented to business, we conclude that Decedent did not deviate from the special mission. This Court has specifically held that an employee on his way home from a special mission for employer is considered to be in the scope of employment. *See City of Monessen School District v. Workmen's Compensation Appeal Board (Hays)*, 155 Pa.Cmwlth.56, 624 A.2d 734, 737 (1993).

We hold that Claimant is entitled to death benefits. Decedent was killed in the scope of his employment because he was on a special mission for Employer, and he did not deviate from it.

The second issue is whether Section 307 of the Act, 77 P.S. § 561(4) & (7),[7] requires Employer to pay for the psychological treatment and grief counseling required by Claimant and her children. She argues that the term "compensation" is used throughout the Act to signify indemnity and medical expenses; accordingly, we should construe its meaning in Section 307 to include medical expenses of a decedent's relatives.

In *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Cmwlth.577, 515 A.2d 331, 332 (1986), this Court held that the term "compensation" must be construed on a section by section basis. Although "compensation" has been interpreted to include medical expenses, this Court has never stated categorically that it has this meaning in every section of the Act. *Id.* "The word 'compensation' appears very frequently in

---

7. Section 307 of the Act, 77 P.S. § 561(4) & (7), provides in relevant part,

In case of death, compensation shall be computed on the following basis, and distributed to the following persons: Provided, That in no case shall the wages of the deceased be taken to be less than fifty per centum of the statewide average weekly wage for purposes of this section:

* * *

4. To the widow or widower, if there be two children, sixty-six and two thirds per centum of wages, but not in excess of the Statewide average weekly wage.

* * *.

7. Whether or not there be dependents as aforesaid, the reasonable expenses of burial, not exceeding three thousand dollars (3,000), which shall be paid by the employer or insurer directly to the undertaker (without deduction of any amounts theretofore paid for compensation or for medical expenses).

[the Act]. It is used, in our judgment, both in its limited sense—contemplating the loss of wages only, and in the more comprehensive sense—including medical and hospital expenses." *Id.* at 333.

 The word "compensation" as it is used in Section 307 of the Act does not include the payment of medical benefits. Section 307 specifies the type of compensation payments to be made to survivors in the event of a work related death. They include a wage loss benefit and reimbursement for burial expenses. However, Section 307 is silent on the payment of medical expenses to a surviving spouse or children. Under the principle of *espressio unius est exclusio alterius,* we hold that "compensation" means only those payments specified in Section 307(7) of the Act.

Claimant contends that the humanitarian purposes of the Act allow us to extend the meaning of compensation within Section 307, but "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Here, the plain language of Section 307 lists the benefits to be awarded the survivors of an employee whose death occurs in the course of employment, but it does not include medical benefits in that list. It is for the legislature, not the judiciary, to extend benefits to include circumstances presented by Claimant and her children.

Accordingly, we affirm the Board's determination.

## ORDER

AND NOW, this 19th day of June, 2003, the order of the Workers' Compensation Appeal Board dated October 28, 2002, in the above-captioned matter is hereby affirmed.