**MANSFIELD BROTHERS PAINTING
and Selective Insurance Company
of America, Petitioners**

v.

**WORKERS' COMPENSATION
APPEAL BOARD (GERMAN),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 2013.

Decided July 26, 2013.

Thomas F. Miller, Mount Laurel, NJ, for petitioners.

Michael B. Lerner, Feasterville, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

Mansfield Brothers Painting and Selective Insurance Company of America (Employer) petition for review of an adjudication of the Workers' Compensation Appeal Board (Board) granting the claim petition of John German (Claimant). The Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant was injured on Employer's premises when he fell while walking to the train station after work. Concluding that Claimant was not injured in the course of his employment, we reverse.

Claimant is a painter who receives work assignments from his union when work is available. In May 2009, Claimant was as-

signed to work full-time for Employer painting dormitory rooms at the University of Pennsylvania (University). On June 24, 2009, Claimant fell while walking to the train station after work, injuring his left shoulder, neck, and back. Claimant sought medical treatment and was able to continue working in a light-duty capacity with no loss of wages. Employer laid Claimant off when the job was completed on July 27, 2009. Claimant underwent left shoulder surgery in August 2009.

In January 2010, Claimant filed a claim petition seeking total disability benefits and payment of his medical bills. Employer filed a timely answer denying that Claimant's injury or disability was work-related. The petition was assigned to a WCJ who held a hearing. Both parties appeared and presented evidence.

Claimant testified in support of his claim and presented a written statement from his union shop steward, Joe Mallon, who was with Claimant when he fell. Employer presented the testimony of Thomas J. Mansfield, Claimant's foreman, who was working with Claimant and Mallon on the day Claimant was injured. Based on the testimony of all three witnesses, the following undisputed facts emerged about Employer's work site and the circumstances of where and how Claimant fell.

Every summer since 1976, Employer has spackled and painted the dormitory rooms of the Quadrangle Building on the University's campus. The Quadrangle Building is located on Spruce Street in Philadelphia and stretches from 36th Street to 38th Street. The Quadrangle Building's only entrance is located at Spruce and 37th Streets.

In the summer of 2009, Claimant was assigned to paint the Quadrangle Building full-time, usually from 7:00 a.m. to 3:30 p.m. Claimant and Mallon commuted to work by train. On June 24, 2009, work ended early, and Claimant, Mallon, and Mansfield left the Quadrangle Building at 3:10 p.m. Claimant and Mallon began walking to the train station at 34th and Market Streets. They crossed Spruce Street, a public street, and continued on a slate path going behind the Wistar Building, located on the University's campus. Claimant tripped on an uneven part of the slate path and fell onto his back. The incident occurred approximately 150 feet from the Quadrangle Building.

■ Based on the above facts, the WCJ concluded, without explanation, that Claimant was in the course of his employment when he fell. The WCJ awarded Claimant total disability benefits as of July 9, 2009, and ongoing. On appeal, the Board modified the award to begin on July 27, 2009, because Claimant had continued working after his injury until his job ended on that date; in all other respects the Board affirmed the WCJ's decision. The Board concluded that Claimant was injured in the course and scope of his employment because he was on Employer's premises when he fell. Specifically, the Board reasoned

> that Claimant was injured while on premises where [Employer's] business affairs were being carried on (i.e.) the [University] campus and that a condition of the premises (i.e.) the uneven slate pathway, contributed to Claimant's work injury.

Board Adjudication at 5. Employer now petitions this Court for review.[1]

---

1. This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation*

On appeal, Employer argues that the Board erred in concluding that Claimant was injured within the course and scope of his employment. Specifically, Employer contends that Claimant was not on Employer's premises when the injury occurred. Claimant counters that he was on Employer's premises at the time of his injury, or, in the alternative, even if his injury did not occur on Employer's premises, he is entitled to benefits because he was a travelling employee furthering Employer's business.

■■■ It is well-settled that in a claim petition proceeding, the claimant bears the burden of establishing all the necessary elements to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 141, 634 A.2d 592, 595 (1993). Under Section 301(c)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1), an injury is compensable only if it is sustained in the course of employment and is causally related thereto.[2] Whether an employee is injured in the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact. *Markle v. Workers' Compensation Appeal Board (Bucknell University)*, 785 A.2d 151, 153 (Pa.Cmwlth.2001).

■■■ An injury takes place in the course of employment if it occurs in either one of two distinct situations. First, an injury is compensable if it occurs while the claimant is furthering the business or affairs of his employer, whether the injury occurs on or off the employer's premises.

*U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635, 640 (Pa.Cmwlth.2000). Second, even if the claimant is not furthering the employer's business at the time of his injury, he is entitled to benefits if he is injured "on the employer's 'premises' at a reasonable time before or after the work period." *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.)*, 109 Pa.Cmwlth. 96, 530 A.2d 545, 547 (1987). In this situation, the claimant must prove all of the following:

> [the employee] (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

*Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corp.*, 31 Pa.Cmwlth. 329, 376 A.2d 271, 273 (1977).

■■■ Pennsylvania courts have held that an employer's "premises" is not necessarily limited to buildings or property controlled, occupied, or owned by the employer. *Waronsky v. Workers' Compensation Appeal Board (Mellon Bank)*, 958 A.2d 1118, 1125 (Pa.Cmwlth.2008). Rather, "premises" can encompass property that *"could be considered an integral part of the employer's business." Ortt v. Workers' Compensation Appeal Board (PPL Services Corp.)*, 874 A.2d 1264, 1267 (Pa.

---

*Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

2.  Section 301(c)(1) states, in relevant part, as follows:
    The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, ... arising in the course of his employment and related thereto[.]
    77 P.S. § 411(1).

Cmwlth.2005) (emphasis added). Property becomes integral to an employer's business when the employer requires employees to use that property. *Id.* at 1267–68. Thus, "the critical factor is not the employer's title to or control over the area, but rather the fact that ... [the employer] had caused the area to be used by ... employees in performance of their assigned tasks." *Waronsky*, 958 A.2d at 1125 (citations and quotation marks omitted).

Employer argues that Claimant did not sustain his injuries on Employer's premises because he was 150 feet from the Quadrangle Building when he fell. Claimant responds that he was injured on Employer's premises because Employer provided only one means of entrance to the Quadrangle Building, forcing him to travel a certain route. We agree with Employer.

The critical fact in this case is that Claimant was not employed by the University, but by Employer. It hired Claimant to paint a single dormitory, the Quadrangle Building, and Employer cannot be said to occupy, control, or use any part of the University's campus beyond the work site at the Quadrangle Building. The Board erroneously concluded that Employer conducted business throughout the University's campus. "Premises" encompassed only Employer's work site at the University. When Claimant fell, he had left the work site, crossed a public street and was 150 feet from the Quadrangle Building on a walkway owned by the University. At that point, he was on the University's, not Employer's, premises.

Claimant relies on *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978), in support of his argument that he was on Employer's premises. In *Epler,* our Supreme Court granted benefits to a claimant whose husband was struck and killed by a motorist while he was crossing the street between the em-

ployer-owned parking lot and the employer's building. Significantly, the city prohibited the decedent from parking on the street and the employer required him to park in the parking lot. *Id.* at 394, 393 A.2d at 1164. The *Epler* court explained that

> [w]here an entrance or an exit is provided by the employer for his employes ... then such entrance or exit, whether located on property under the control of the employer or not, is part of the employer's 'premises.'

*Id.* at 398, 393 A.2d at 1166. The Court further held that the street between the parking lot and employer's building was integral to the employer's business because the decedent was required to traverse the street in order to access employer's premises. *Id.* at 398, 393 A.2d at 1168. Therefore, the decedent's injury occurred on employer's premises and the claimant was entitled to benefits. *Id.*

*Epler* is distinguishable from the instant case. Here, Employer did not require that Claimant use the train station at 34th and Market Streets, or even that Claimant commute by train. There was nothing preventing Claimant from using another train station or commuting by car. Once Claimant left the Quadrangle Building, Employer had no interest in or control over the route Claimant chose to travel home. As such, the sidewalk on which Claimant sustained his injury was not integral to Employer's business and cannot be considered part of Employer's premises.

More analogous to this case is *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A.2d 559 (1957). There, an employee slipped on a banana peel on the sidewalk while he was walking to a train station, 15 feet beyond the stairwell that the employer required employees to use when entering the building. The employee died. Our Supreme Court explained that once the

employee left the stairwell and chose his direction, his employer was no longer interested in his location. *Id.* at 116, 134 A.2d at 561. The Supreme Court reasoned that

> [w]hen injured, [decedent] was no more than a member of the public using the sidewalk as a pedestrian—the purpose for which this part of the street had been dedicated for public use. He might have turned to his left on leaving the building instead of to his right. His employer was not interested in the route selected by him over public streets or sidewalks on his way home after his work for the day was fully ended.

*Id.* (emphasis in original) (quoting *Eberle v. Union Dental Co.,* 182 Pa.Super. 519, 128 A.2d 136, 139 (1956)). Ultimately, our Supreme Court denied the fatal claim petition because the employer did not require the decedent to use the sidewalk where he slipped and fell. *Eberle,* 390 Pa. at 116, 134 A.2d at 561.

■ Here, Mansfield turned left after leaving the Quadrangle Building to go to his car; Claimant and Mallon crossed Spruce Street and continued on University property to go to the train station. This history demonstrates that Employer had no interest in how Claimant or any employee travelled. The chosen route was not integral to Employer's business. Although there was only one exit from the Quadrangle Building for Employer's employees, Claimant was ten times farther from that exit than the decedent in *Eberle.* In short, Claimant failed to prove the slate pathway on the University campus was integral to Employer's business. Accordingly, the Board erred in concluding that Claimant's injury occurred on Employer's premises in the course and scope of employment.

Claimant argues, alternatively, that even if he was not on Employer's premises at the time of his injury, he is eligible for benefits because he was a travelling employee. In support, Claimant asserts that he was free to work with other employers and not permanently assigned to painting the Quadrangle Building.

■ Employees are generally not eligible for workers' compensation benefits when commuting to or from work. *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency),* 528 Pa. 279, 284, 597 A.2d 1116, 1119 (1991). However, an exception to this rule exists for travelling employees because they have no fixed place of work. *Id.*[3] When a travelling employee "travels to an assigned workplace, the employee is furthering the business" of his employer, and any injury sustained while travelling is compensable. *Id.* at 288, 597 A.2d at 1120.

Claimant contends that his employment situation is similar to that of the claimant's in *Peterson.* We disagree. In *Peterson,* the claimant was the employee of a temporary employment agency. She filled staffing needs at different hospitals; was frequently reassigned to new hospitals; and was never required to visit the employer's main office building. She sustained injuries in a car accident on her way to a temporary work assignment. Our Su-

---

**3.** Some examples of travelling employees are found in *Evans v. Workmen's Compensation Appeal Board (Hotwork, Inc.),* 664 A.2d 216 (Pa.Cmwlth.1995) (field service technician); *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources),* 150 Pa.Cmwlth. 628, 616 A.2d 128 (1992) (inspector of various construction sites); *Pfizer, Inc. v. Workmen's Compensation Appeal Board (Gresham),* 130 Pa.Cmwlth. 319, 568 A.2d 286 (1989) (district sales manager); and *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Seeley),* 110 Pa. Cmwlth. 619, 532 A.2d 1257 (1987) (truck driver).

preme Court held that because the claimant was employed by a temporary agency and was only temporarily assigned to each work location, she had no fixed place of work and was a travelling employee eligible for workers' compensation benefits. *Id.* at 288, 597 A.2d at 1120.

Claimant's employment situation more closely resembles that of the claimant in *Foster v. Workmen's Compensation Appeal Board (Ritter Brothers, Inc.)*, 162 Pa. Cmwlth. 565, 639 A.2d 935 (1994). There, the claimant was a carpenter doing construction work at a mall. The claimant travelled directly to the location of whatever project he was assigned by his employer. The claimant was injured in a car accident in the parking lot of the mall he was remodeling. This Court held that the claimant was not a travelling employee; rather, he was assigned to work at a particular project until the project's completion and was not going to report to any other work site or work under the direct supervision of anyone other than the employer during that time. We distinguished *Peterson*, explaining that it "merely carved out a specific, narrow exception for a temporary employee of an employment agency." *Id.* at 938.

As in *Foster*, Claimant was assigned to work at the Quadrangle Building until the project was completed. Claimant did not work for a temporary employment agency, but for a painting company. There is no precedent that a union assignment for a single project makes an employee a travelling employee. The fact that a job has a discrete and limited duration does not make the employee who holds it a travelling employee and eligible for the *Peterson* exception.

For the foregoing reasons, the order of the Board is reversed.

### ORDER

AND NOW, this 26th day of July, 2013, the order of the Workers' Compensation Appeal Board dated September 6, 2012, in the above-captioned matter is hereby REVERSED.