IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason LePore,                             :
                    Petitioner           :
                                         :
          v.                             :      No. 1494 C.D. 2015
                                         :      Submitted: January 29, 2016
Workers' Compensation Appeal             :
Board (Full Phaze Construction,          :
Inc.),                                   :
                    Respondent           :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: May 11, 2016

          Jason LePore (Claimant) petitions for review of an adjudication of the
Workers' Compensation Appeal Board (Board) denying his claim petition under
the Workers' Compensation Act (Act).[1]   In doing so, the Board reversed the
decision of the Workers' Compensation Judge (WCJ) that Claimant had no fixed
place of work and was on a special mission at the time of his automobile accident.
Concluding that Claimant was not injured in the course and scope of his
employment, we affirm.

          Claimant worked for Full Phaze Construction, Inc. (Employer) as a
carpenter from March 2012 until April 24, 2012, at a final rate of pay of $14.50 an
hour.  Claimant's job required him to work at various job sites throughout the state.
Claimant did not report to Employer's main office each day but, rather, commuted

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

directly from home to the site of the project to which he was assigned. Claimant brought his own hand tools with him to each job site. Claimant was responsible for keeping track of his hours and turning in his time slips to Employer's main office. On April 24, 2012, while commuting from his home to a job site, Claimant's car was struck from behind by another vehicle. Claimant suffered significant injuries as a result of the collision.

On June 3, 2013, Claimant filed a claim petition alleging that the injuries he sustained in the car accident were work-related and seeking full disability benefits from April 24, 2012, onward. Employer filed an answer denying Claimant's averment that his injuries were work-related. Employer issued a Notice of Workers' Compensation Denial on July 1, 2013. The WCJ bifurcated the matter to first determine whether Claimant was in the course and scope of his employment at the time of his accident and, second, to determine whether Claimant's injuries arose from the incident. The WCJ conducted hearings on July 22 and November 5, 2013.

At the July 22 hearing, Claimant's testimony was the sole evidence presented. Claimant's testimony focused on where Claimant performed his carpentry for Employer. In that regard, Claimant testified as follows:

> [Counsel for Claimant]: Now, on [April 24, 2012] you were…working at [Employer's] rental property; right?
>
> [Claimant]: Yes.
>
> [Counsel for Claimant]: How long did you anticipate working at that particular location?
>
> [Claimant]: We would jump from job to job. So another job came up if we were waiting on permits. We were re-doing ---

2

we were remodeling the rental apartments.[2]  At that time we were doing a bathroom.

> [Counsel for Claimant]: Okay.  And the time that you were working with [Employer], how many different job sites did you work at?

> [Claimant]: I'd say about eight to ten --- between eight and ten.

Notes of Testimony (N.T.), 7/22/2013, at 11; Reproduced Record at 29a (R.R. ___).

Ken Kale, Employer's president and owner, testified at the November 5, 2013, hearing.  Kale testified that Claimant was not given a company car for his travel nor was he paid for his travel between work sites.  Kale also clarified how employees split their time between multiple projects:

> [Counsel for Claimant]: How many projects did you have going on simultaneously?

> [Kale]: Most of the time just one, unless we're --- like today we actually got two going on.  Because we're --- day that that guy's doing siding.  So we're getting ready for this --- coming.  Usually once we're on a job, we're usually there until we start and finish.  So sometimes two.

N.T., 11/5/2013, at 19; R.R. 79a.  Kale continued:

> We never bounce around from job to job. Once we're on a job, we're there for the day.  We never leave the job --- we only work eight hours a day.  It wouldn't make any sense for him to be working one job for what [sic] hours and then travel all the way across the county to another job, what would that prove.  We wouldn't have time to do anything[.]

---

[2] When testifying in rebuttal, Employer's president and owner, Ken Kale, disputed Claimant's contention that he was remodeling Employer's rental property on April 24, 2012.  According to Kale, Claimant was assigned to an entirely different job site that day.  Although the WCJ resolved all credibility determinations in Claimant's favor, the location of Claimant's work site on the day of the incident is not material to our disposition.

*Id*. at 34; R.R. 94a.

On December 26, 2013, the WCJ issued an interlocutory order concluding that Claimant was in the course and scope of his employment at the time of his accident. The parties agreed that Claimant's medical evidence could be admitted in the form of an independent medical examination report. On May 16, 2014, the WCJ issued a decision granting Claimant's claim petition. The WCJ found Claimant more credible than Kale based on the demeanor of the witnesses. The WCJ further found that Claimant was injured while on his way to do work at a rental property owned by Kale. The WCJ concluded that "Claimant did not have a fixed place of employment on the day he was injured … [and] Claimant was on a special mission for [Employer] at the time of his injury." WCJ Decision at 6; R.R. 17a.

Employer appealed the WCJ's decision to the Board. On August 4, 2015, the Board issued an adjudication reversing the WCJ's order. The Board concluded:

> We cannot agree that Claimant had no fixed place of work. Rather, his testimony shows that, like the claimant in [*Foster v. Workmen's Compensation Appeal Board (Ritter Brothers, Inc.)*, 639 A.2d 935 (Pa. Cmwlth. 1994)], he reported to a worksite for an indefinite period of time and working at more than one worksite per day was not an everyday occurrence.

> Neither can we agree that the special mission exception applies. The court in *Action, Inc* .[*v. Workmen's Compensation Appeal Board (Talerico)*], 540 A.2d 1377 (Pa. Cmwlth. 1988), concluded that a claimant performing a normal function of his employment, such as attendance at a monthly meeting or working at a different store when necessary, was not on a special mission.

Board Adjudication at 6; R.R. 9a. Claimant petitioned for this Court's review.

4

On appeal,[3] Claimant presents two issues for our review.[4] First, Claimant argues that the Board erred in concluding that Claimant had a fixed place of work. Second, Claimant contends that the Board erred in concluding that Claimant was not on a special mission for Employer. We agree with Employer that the Board did not err in resolving these issues and finding that Claimant was not within the course and scope of his employment at the time of his accident.

Under Section 301(c) of the Workers' Compensation Act, a claimant is eligible for benefits when he sustains injuries "in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." 77 P.S. §411(1). However, a claimant is generally not eligible for benefits for injuries sustained traveling to his place of employment from his home. *Leisure Line v. Workers' Compensation Appeal Board (Walker)*, 986 A.2d 901, 906 (Pa. Cmwlth. 2009). This rule, known as the "coming and going" rule, "is grounded on the recognition that an employee's travel to or from work does not further his employer's business." *Id*.

There are four recognized exceptions to the coming and going rule. A claimant may collect workers' compensation benefits for injuries sustained travelling between his home and his place of employment if:

---

[3] On review this Court determines whether an error of law was committed, necessary findings of fact are supported by substantial evidence, or constitutional rights were violated. *Village Auto Body v. Workers' Compensation Appeal Board (Eggert)*, 827 A.2d 570, 572 n.4 (Pa. Cmwlth. 2003).

[4] Claimant raises two additional issues challenging the Board's reliance on the WCJ's findings of fact. Essentially, Claimant argues that the Board improperly made its own findings of fact contrary to the WCJ's. This argument is meritless. The Board explained that it was bound to follow the WCJ's findings of fact and had no need to make new findings. *See* Board Adjudication at 5; R.R. 8a.

(1) the employment contract included transportation to and from work;

(2) the employee has no fixed place of work;

(3) the employee is on a special mission for the employer; or

(4) special circumstances are such that the employee was furthering the business of the employer.

*Id.* Only the second and third exceptions are at issue in the matter *sub judice*. The burden was on Claimant to demonstrate that he qualified for one of those two exceptions. *Id.*

Claimant first contends that he did not have a fixed place of work because he worked at multiple project sites and was present at each site for a limited period of time. The Board held that Claimant's situation was similar to that of the claimant in *Foster*, 639 A.2d 935, who was held not to be injured in the scope of his employment. This Court recently summarized *Foster* as follows:

> There, the claimant was a carpenter doing construction work at a mall. The claimant travelled directly to the location of whatever project he was assigned by his employer. The claimant was injured in a car accident in the parking lot of the mall he was remodeling. This Court held that the claimant was not a travelling employee; rather, he was assigned to work at a particular project until the project's completion and was not going to report to any other work site or work under the direct supervision of anyone other than the employer during that time.

*Mansfield Brothers Painting v. Workers' Compensation Appeal Board (German)*, 72 A.3d 842, 848 (Pa. Cmwlth. 2013).

Here, Claimant was assigned to different project locations and never worked under the supervision of any individual other than Employer's owner, Ken Kale. Although Claimant's specific work location changed, that fact alone does not make Claimant a "travelling employee." "The fact that a job has a discrete and

6

limited duration does not make the employee who holds it a travelling employee[.]" *Id.* For this reason, the Board did not err when it held that Claimant had a fixed place of work and, therefore, was ineligible for workers' compensation benefits under the coming and going rule.

Claimant next argues that the Board erred in concluding that he was not on a special mission for Employer at the time of his accident. The Board held that *Action, Inc.*, 540 A.2d 1377, is instructive on this issue. In *Action, Inc.*, the claimant's husband had just returned home from a monthly meeting of insurance claims adjusters when he slipped on ice in his driveway and impaled himself on a pipe. He was fatally injured. Although the decedent was not paid to attend the monthly meetings, his employer expected him to attend and paid his monthly dues. When the claimant applied for fatal claim benefits, she argued that the decedent was within the course and scope of his employment at the time of his death because his attendance at the monthly meeting amounted to a "special mission." This Court disagreed. We explained:

> [A]ttendance at [the] monthly meetings[ ] was understood to be a normal function of his employment. As such, it did not constitute a "special mission." When he left the meeting to return home, he had no further obligation to [the employer] and, like any other work day, was merely enroute home.

*Action, Inc.*, 540 A.2d at 1379.

Here, Claimant's attendance at different job sites was a normal part of his job. There was nothing special, unique, or out-of-the-ordinary about Claimant's travel on April 24, 2012. Claimant was en route to his assigned work site for the day, just like any other day. Therefore, like the claimant in *Action, Inc.*,

7

Claimant was not on a special mission for Employer and the injuries he sustained in an accident that occurred as he commuted to work were not compensable.

Because Claimant does not qualify for any of the exceptions to the coming and going rule, we agree with the Board that he was not injured in the course and scope of his employment. Accordingly, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason LePore,                          :
                    Petitioner         :
                                       :
           v.                          :   No. 1494 C.D. 2015
                                       :
Workers' Compensation Appeal           :
Board (Full Phaze Construction,        :
Inc.),                                 :
                    Respondent         :

# **O R D E R**

AND NOW, this 11th day of May, 2016, the order of the Workers' Compensation Appeal Board dated August 4, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge