# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Fields,  :
 :
       Petitioner  :
 :
     v.  : No. 1918 C.D. 2016
 : Submitted: August 4, 2017
Workers' Compensation Appeal  :
Board (Carl G's Total Cleanouts),  :
 :
      Respondent  :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge[1]
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                **FILED:  September 25, 2017**


      Shawn Fields (Claimant) petitions for review of the October 25, 2016 order of the Workers' Compensation Appeal Board (Board) that affirmed the April 27, 2016 decision and order of the Workers' Compensation Judge (WCJ) concluding that Claimant failed to establish that he was in the course and scope of his employment with Carl G's Cleanouts[2] (Employer) pursuant to the Workers'

---

[1] This matter was decided before Judge Hearthway's service to the Court ended on September 1, 2017.

[2] Employer did not file a brief in this matter; however, the Uninsured Employers' Guaranty Fund intervened and filed a brief.

Compensation Act[3] (Act). For the following reasons, we reverse the order of the Board and remand for further proceedings.[4]

Where a claimant has filed a petition seeking workers' compensation benefits, the claimant bears the initial burden of demonstrating the necessary elements of the claim, including that the injury arose in the course and scope of employment. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). Section 301(c) of the Act provides that the term "injury arising in the course of employment" includes injuries sustained in furtherance of the business or affairs of the employer. 77 P.S. § 411. The question of whether the claimant was actually engaged in the furtherance of the employer's business or affairs does not turn upon whether the claimant was on the employer's premises at the time of injury. *Kmart Corporation v. Workers' Compensation Appeal Board (Fitzsimmons)*, 748 A.2d 660, 664 (Pa. 2000); *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635, 640 (Pa. Cmwlth. 2000). Generally, however, under what is commonly referred to as the "going and coming rule," injuries sustained while a claimant is traveling to and from his place of employment are considered outside the course and scope of employment, unless one of the four following exceptions applies: (1) the claimant's employment contract includes transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on a special mission for employer; or (4) the special circumstances are such that the claimant was furthering the business of the

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[4] Our scope of review is limited to determining whether there has been a violation of constitutional rights, whether there has been an error of law, or whether necessary findings of fact are supported by substantial evidence. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

employer. *Wachs v. Workers' Compensation Appeal Board (American Office Systems)*, 884 A.2d 858, 862 (Pa. 2005); *Holler v. Workers' Compensation Appeal Board (Tri Wire Engineering Solutions, Inc.)*, 104 A.3d 68, 71 (Pa. Cmwlth. 2014). Whether a claimant's injuries arose within the course of employment as defined by the Act is a question of law to be determined based upon the findings of fact. *Hoffman v. Workers' Compensation Appeal Board (Westmoreland Hospital)*, 741 A.2d 1286, 1287 (Pa. 1999). In examining this question, we must keep in mind that the Act "is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 597 A.2d 1116, 1120 (Pa. 1991).

In the instant matter, the WCJ concluded that Claimant had failed to demonstrate that the injury occurred in the course and scope of employment because Claimant was commuting home from work at the time of the accident. (WCJ Decision, Conclusions of Law (C.L.) ¶3.) The WCJ found Claimant's testimony credible. (*Id*. Findings of Fact (F.F.) ¶11.) Claimant testified that he performed commercial and residential demolition work for Employer, including tearing out floors, walls, and ceilings. (*Id*. F.F. ¶1(a).) Claimant testified that he and his coworkers had finished for the day at a jobsite where they had been working for two to three weeks, and that he went with a coworker, Herman Strother, to drop off scrap at the yard, after which Claimant's coworker intended to drop Claimant off at home and return the truck they were using to Employer. (*Id*. F.F. ¶¶1(i), 5(b).) Instead, Employer's vehicle, which Mr. Strother was driving, was involved in a motor vehicle accident, injuring Claimant. (*Id*. F.F. ¶¶1(c), 5(b) & (d).) The WCJ found that because Claimant had been at one job site for two to

3

three weeks that Claimant, therefore, had a fixed place of work and was not in the course and scope of employment when he was being driven home from the yard by his coworker. (*Id*. F.F. ¶10.) The Board affirmed.

On appeal to this Court, the sole issue is whether the Board erred by affirming the WCJ's conclusion that the circumstances of Claimant's injury did not fall within one of the exceptions to the going and coming rule. We conclude that, based on the facts found by the WCJ and the supporting evidence, there is substantial evidence to support the legal conclusion that Claimant was furthering the business of Employer when he was injured. Both the WCJ and the Board focused the inquiry on whether Claimant's place of work was fixed because of the *ad hoc* nature of his employment and on the fact that Claimant and his coworkers received a percentage of the metal hauled to the scrapyard from the demolition projects they worked on as a part of their wages. What this analysis overlooks is the fact that Claimant was traveling in Employer's vehicle in order to dispose of the material they cleaned out of the job site. As the Board notes in its opinion, the record contains testimony that it was not usual for Employer to provide transportation and, instead, Claimant and his coworkers would meet at the demolition jobsite. (Board Op. at 7 (*citing* September 17, 2015 Notes of Testimony (N.T.) at 16-17).) These facts distinguish this matter from *Mansfield Brothers Painting v. Workers' Compensation Appeal Board (German)*, 72 A.3d 842 (Pa. Cmwlth. 2013), a case upon which the WCJ and the Board relied to conclude that Claimant was ineligible for workers' compensation benefits.

In *Mansfield*, the claimant was working for employer at a fixed job site until the project was complete and was injured while walking to the train station to travel home at the end of the day. By contrast, Claimant here was

4

injured because he was traveling to and from the scrapyard in Employer's vehicle to further Employer's demolition and removal business by disposing of the debris from the jobsite. *Peterson*, 597 A.2d at 1120; *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton)*, 597 A.2d 1241, 1243 (Pa. Cmwlth. 1991) (distinguishing between where claimant is injured because of his presence in a place due to employer's business or for purely personal reasons unrelated to the furtherance of employer's business). Claimant was not injured on the purely personal pursuit of a regular commute home; instead, Claimant was injured because he had traveled to the scrapyard as a part of his job duties related to the furtherance of Employer's business.

Accordingly, the order of the Board is reversed and this matter is remanded to the Board.


_____
**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

|                                           |   |                     |
|-------------------------------------------|---|---------------------|
| Shawn Fields,                             | : |                     |
|                                           | : |                     |
| Petitioner                                | : |                     |
|                                           | : |                     |
| v.                                        | : | No. 1918 C.D. 2016  |
|                                           | : |                     |
| Workers' Compensation Appeal              | : |                     |
| Board (Carl G's Total Cleanouts),         | : |                     |
|                                           | : |                     |
| Respondent                                | : |                     |

## **O R D E R**

AND NOW, this 25th day of September, 2017, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby REVERSED and this matter is REMANDED to the Workers' Compensation Appeal Board for further proceedings.

Jurisdiction relinquished.

_____
**JAMES GARDNER COLINS, Senior Judge**