IN THE COMMONWEALTH COURT OF PENSYLVANIA

Jorge Martinez, : 
          Petitioner : 
           : 
       v. : No. 298 C.D. 2023
           : Argued: December 4, 2023
Lewis Tree Service (Workers' : 
Compensation Appeal Board), : 
          Respondent : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT          FILED: February 8, 2024

Jorge Martinez (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied his claim petition. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant's injuries, which were sustained while commuting, were not compensable under the Workers' Compensation Act (Act).[1] Claimant contends that in his work as a tree trimmer, he was a traveling employee with no fixed place of work, and, thus, his injuries were sustained in the course of his employment. For the reasons that follow, we affirm the Board.

Claimant worked as a crew leader in Employer's tree-trimming business. Claimant's duties included supervising workers, trimming trees, and driving Employer's trucks to job sites. On October 1, 2021, while driving home in his personal vehicle at the end of his workday, Claimant was involved in a motor vehicle accident in which he sustained injuries.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.1, 2501-2710.

On October 22, 2021, Claimant filed a claim petition under the Act alleging that he sustained injuries to his "[r]ight shoulder, right wrist, right hip and neck" in the course of his employment. Reproduced Record at 7 (R.R. __). Claimant's petition asserted that he was "a traveling employee with no fixed place of business." *Id.* Employer denied all allegations, and hearings were held before the WCJ. With the agreement of the parties, the WCJ bifurcated the proceeding to decide, first, whether Claimant was acting within the course and scope of his employment when he was injured.

Claimant testified in person before the WCJ on March 2, 2022. He explained that as a crew leader, he assigned tasks, trimmed trees, and drove Employer's trucks to work sites. Each morning, Claimant left his house; drove his personal vehicle to the "yard" where Employer's trucks were parked; got into one of Employer's trucks; and drove to the work site. At the end of the workday, he returned to the yard where he picked up his personal vehicle for the drive home. The location of Employer's yard changed several times a year, depending on the location of the tree trimming jobs. Employer did not have a fixed and permanent yard for its trucks and equipment.

Claimant testified that on the morning of October 1, 2021, his workday followed this above-described routine. He parked his vehicle at Employer's yard and then began his workday, using Employer's truck. At 4:00 p.m., he drove the truck back to the yard to pick up his personal vehicle. On his way home, his vehicle was rear ended, causing injuries. He has not worked since October 2021. Currently, Claimant receives a monthly disability income payment from his automobile insurance company, which also paid his medical bills.

2

On behalf of Employer, Jeanette Gonzalez testified. Currently, she works as a general foreman at Employer. Prior to that, she worked as "a permission specialist," which required her to "get work for the employees" and inform them where "they needed to go for the day." Notes of Testimony (N.T.), 4/27/2022, at 8; R.R. 111. She testified that Employer uses a parking lot, known as the "yard," to store its vehicles and equipment. Employees drive their personal vehicles to the yard and then use a company truck to travel to the job site. Gonzalez testified that Employer does not compensate employees for their commuting time or expenses.

Gonzalez testified that on the day of Claimant's accident, he was assigned the job of moving Employer's trucks and equipment from a yard in Hanover to a new yard in Gettysburg. Claimant left the yard before the end of his workday.

Gonzalez explained that the location of the yard depends "on the circuit" they are "working on at the area." N.T., 4/27/2022, at 12; R.R. 115. Since 2018, Employer has used approximately six different yards. She stated that "[s]ometimes we go back to the exact same yard if we're going to redo that circuit again. And if it's a totally different circuit, that's where we have to find a totally brand[]new yard." *Id.* Employer does not own the yards. Employer leases space to park the trucks for the required period of time. Gonzalez explained that it was part of her job to find the yards, which had to be large enough to accommodate bucket trucks, chippers, and employee vehicles. Gonzalez testified that Claimant was part of a group that trimmed trees around power lines. The group's circuit could be located within "20 miles" or "100 miles" of the yard. N.T., 4/27/2022, at 17; R.R. 120. Because Claimant was a driver, he went to the jobs that needed a bucket truck.

3

The WCJ denied the claim petition, concluding that Claimant was not acting within the course and scope of his employment at the time of his injury. In reaching this conclusion, the WCJ credited the testimony of both Claimant and Gonzalez, noting that the two were "remarkably in agreement on every critical point." WCJ Decision at 5, Finding of Fact No. 7. Both testified that on October 1, 2021, Claimant had completed his work duties for the day, had returned the company truck to the yard, and was on his way home in his personal vehicle when the accident occurred. The WCJ concluded that these facts placed Claimant outside the course and scope of employment when the accident occurred because, generally, commuting to or from work does not constitute employment. Further, Claimant's evidence did not establish an exception to this general rule.

Claimant appealed to the Board, which affirmed the WCJ's decision. The Board explained that an injury sustained while an employee is commuting does not arise in the course of employment. There is an exception for the situation where the claimant's employer provides transportation to and from work or where the claimant has no fixed place of work, is on a special assignment for the employer, or is furthering the business of the employer in some fashion. Where an exception is established, the claimant will be found to be acting in the course of employment while traveling to and from work. However, Claimant's evidence did not establish any of the above-enumerated exceptions. To the contrary, because Claimant reported to work at a fixed location, albeit for a short and indefinite period of time, the Board concluded that he had a fixed place of work.

Claimant petitioned for this Court's review.

On appeal,[2] Claimant raises three issues, which we combine for clarity. First, Claimant argues that he established that he was a traveling employee and, thus, was entitled to a presumption that he was in the course and scope of employment while driving home from work. Second, Claimant argues that Employer did not rebut the presumption that, as a traveling employee, he was in the course and scope of employment when injured.

We begin with a review of the applicable legal principles. To be eligible for compensation, an injured employee must establish that his injury occurred in the course of employment. Section 301(c)(1) of the Act states, in pertinent part, as follows:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, except as provided under subsection (f), arising in the course of his employment and related thereto . . . . The term "*injury arising in the course of his employment*," as used in this article . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and *shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.*

77 P.S. §411(1) (emphasis added).

---

[2] This Court's review of a workers' compensation adjudication determines whether an error of law or a constitutional violation was committed or whether the findings of fact are supported by substantial, competent evidence. *Myers v. Workers' Compensation Appeal Board (University of Pennsylvania and Alexsis, Inc.)*, 782 A.2d 1108, 1110 n.1 (Pa. Cmwlth. 2001).

Section 301(c)(1) has been construed to mean that an injury arises in the course of employment in two distinct situations. *U.S. Airways, Inc. v. Workers' Compensation Appeal Board (Bockelman)*, 179 A.3d 1177, 1179-80 (Pa. Cmwlth. 2018). First, an injury is compensable if it occurs while the claimant is furthering the business or affairs of his employer, without regard to where the injury occurs. Second, the injury is compensable if it occurs on the employer's premises and the claimant is required to be there.[3]

Generally, under what is known as the "coming and going" rule, injuries sustained during an employee's commute are not compensable because the employee is neither on the employer's premises nor engaged in the furtherance of the employer's affairs. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986). However, there are exceptions to this rule. An injury sustained during an employee's commute to or from work can be compensable where any of the following circumstances apply:

(1) the employment contract included transportation to and from work;

(2) the employee has no fixed place of work;

(3) the employee is on special assignment for the employer; or

(4) special circumstances are such that the employee was furthering the business of the employer.

*Bensing v. Workers' Compensation Appeal Board (James D. Morrissey, Inc.)*, 830 A.2d 1075, 1078 (Pa. Cmwlth. 2003) (quoting *Bradshaw v. Workmen's*

---

[3] The claimant must prove that (a) the premises were occupied or under the control of the employer, or where the employer's business or affairs are being carried on; (b) he was required by the nature of his employment to be present on the employer's premises; and (c) he sustained injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corporation*, 376 A.2d 271, 273 (Pa. Cmwlth. 1977).

*Compensation Appeal Board (Bell Hearing Aid Center)*, 641 A.2d 664, 666 (Pa. Cmwlth. 1994)).

With these principles in mind, we turn to Claimant's issues on appeal.

In his first issue, Claimant asserts that he is eligible for benefits under the second exception to the coming and going rule. Claimant contends that he had no fixed place of work because his position as a crew leader required him to "pick up a company vehicle[] and drive that vehicle to job sites where he trimmed trees." Claimant Brief at 8. He asserts that his situation is closely analogous to *Holler v. Workers' Compensation Appeal Board (Tri Wire Engineering Solutions, Inc.)*, 104 A.3d 68 (Pa. Cmwlth. 2014). There, the claimant was held to be a traveling employee because his work as a cable technician required traveling from one customer to another in a company vehicle.

Employer counters that its "yard" gave Claimant a fixed place of work, where he began and ended each workday, even though he spent a short time there. In support, Employer cites *Mansfield Brothers Painting v. Workers' Compensation Appeal Board (German)*, 72 A.3d 842 (Pa. Cmwlth. 2013), where the claimant received job assignments at a union hall and was found to have a fixed place of employment. Employer also notes that Claimant's situation is similar to that in *Best v. Workers' Compensation Appeal Board (City of Philadelphia)* (Pa. Cmwlth., No. 1578 C.D. 2019, filed July 13, 2020) (unreported).[4] There, the claimant "worked a fixed route and started and ended her day [at the same location]" and, thus, was not a traveling employee. *Id.*, slip op. at 11.

---

[4] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

The determination of whether a claimant is a traveling employee turns on "'whether the claimant's job duties involve travel, whether the claimant works on the employer's premises, or whether the claimant has no fixed place of work.'" *Holler*, 104 A.3d at 71 (quoting *Beaver & Casey, Inc. v. Workmen's Compensation Appeal Board (Soliday)*, 661 A.2d 40, 42 (Pa. Cmwlth. 1995)). The fact that "an employer has a central office at which an employee sometimes works is not controlling." *Toal Associates v. Workers' Compensation Appeal Board (Sternick)*, 814 A.2d 837, 841 (Pa. Cmwlth. 2003). In making any eligibility determination, "the Act must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 597 A.2d 1116, 1120 (Pa. 1991). Accordingly, the course and scope of employment is "necessarily broader" for traveling employees than otherwise. *Holler*, 104 A.3d at 71.

Precedent has also addressed the "no fixed place of work" exception to the coming and going rule. In *Foster v. Workmen's Compensation Appeal Board (Ritter Brothers, Inc.)*, 639 A.2d 935 (Pa. Cmwlth. 1994), a journeyman carpenter was assigned to work at a job site in a mall until completion of the carpentry project. The employer did not pay for his travel time or expenses. The claimant sought compensation benefits for injuries he sustained in a motorcycle accident on his way home from the job site. This Court held that the claimant had a fixed place of employment at the mall site, and, thus, he did not establish an exception to the coming and going rule.

Similarly, in *Mansfield Brothers*, 72 A.3d 842, the claimant was a painter who received job assignments at his union hall. After his workday of painting a university dormitory ended, the claimant fell on his way to the train

station. The claimant was held not to be a traveling employee. We explained that "[t]he fact that a job has a discrete and limited duration does not make the employee who holds it a travelling employee" with "no fixed place of work." *Id*. at 848.

In *Best*, slip op. at 8, the claimant asserted that she was a traveling employee because her job consisted of traveling between recycling bins to empty them. This Court rejected the theory that this job description made her a traveling employee. Further, because the claimant's work began and ended at the same place each day, she had a fixed place of work.

An early case establishing the elements of a traveling employee was *Hohman v. George H. Soffel Co.*, 46 A.2d 475, 477 (Pa. 1946). In *Hohman*, the claimant was a foreman plumber who worked assignments in and around Pittsburgh. He used his own automobile to travel between job sites and to carry the supplies he needed for work. His employer reimbursed him for his travel expenses and delivered supplies to his home, where the claimant stored them. While traveling from his home to a job site 20 miles from Pittsburgh, he was injured in an automobile accident. Under these facts, the Pennsylvania Supreme Court concluded that the claimant was furthering his employer's business when injured and, thus, was entitled to compensation. Likening the claimant's situation to a traveling salesman, the Supreme Court concluded that the claimant's travel that day "was not the ordinary travel of a workman between his home and his regular place of work." *Id*.

In *Holler*, 104 A.3d 68, the claimant was a cable technician, who installed service for the employer's customers at their home or business. The employer provided the claimant with the vehicle he used in his job.[5] Each morning,

---

[5] Notably, whether an employer provides transportation is, itself, a separate basis for finding an employee to be a traveling employee. *See Bensing*, 830 A.2d at 1078 (an exception to the coming

9

he drove from his home to the employer's office to pick up his daily assignments and, then, spent the rest of the day on the road traveling. The claimant used the company vehicle for commuting but not for other personal purposes. One day, while driving to the employer's facility from home, the claimant ran off the road and struck a telephone pole, sustaining significant injuries. This Court held that the claimant was a traveling employee with no fixed place of work.[6]

In the case *sub judice*, the Board concluded that the facts were more aligned with those in *Mansfield Brothers* and *Foster* than with those in *Holler*. We discern no error in this conclusion.

Claimant reported to the yard, where the truck and equipment needed to trim trees were stored. He then traveled to the location of the tree trimming job. Unlike *Holler*, Claimant drove his personal vehicle, not Employer's vehicle, to and from his home, and Claimant's workday started at Employer's yard, not at his home. Unlike *Hohman*, Claimant was not reimbursed for travel expenses and did not store equipment at his home. Claimant had a fixed place of work, albeit one of short duration. *See Foster*, 639 A.2d 935, and *Mansfield Brothers*, 72 A.3d 842. A job that takes place in more than one location during a workday does not make one a traveling employee. *See Best*, slip op. at 10-11 (traveling along a route to empty recycling bins did not make the claimant a traveling employee).

---

and going rule can be established where the employment contract includes transportation to and from work).

[6] *Holler* relied on *Comcast Corporation v. Workers' Compensation Appeal Board (Clark)* (Pa. Cmwlth., No. 1645 C.D. 2011, filed April 18, 2012) (unreported), which affirmed the Board's decision that a cable technician was a traveling employee. The fact that the claimant initially stopped at his employer's office was not dispositive because he was "*always on the road during the day* except when he was at a customer's house." *Clark*, slip op. at 3 (emphasis added).

As our Supreme Court has held, a traveling employee is one whose travel is essential to serving the employer's interest. It explained:

> The claimant's travel, for which he was reimbursed by his employer, was an essential part of the expeditious performance of the furtherance of the employer's business, as was also the transportation of the supplies which were stored at his home for his use in his work.

*Hohman*, 46 A.2d at 477. Likewise, over-the-road truck drivers, traveling salesmen, and construction site inspectors are occupations that make one a traveling employee. *See, e.g.*, *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Seeley)*, 532 A.2d 1257 (Pa. Cmwlth. 1987) (holding over-the-road truck driver to be a traveling employee); *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar)*, 520 A.2d 958 (Pa. Cmwlth. 1987) (holding insurance agent driving to customers to be a traveling employee); and *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources)*, 616 A.2d 128 (Pa. Cmwlth. 1992) (holding an inspector driving to construction sites throughout the state to be a traveling employee).

A change of work location during the day or from day to day does not make a claimant a traveling employee.[7] *LePore v. Workers' Compensation Appeal Board (Full Phaze Construction, Inc.)* (Pa. Cmwlth., No. 1494 C.D. 2015, filed May 11, 2016) (unreported), slip op. at 6; *Best*, slip op. at 11. Rather, the traveling employee is one whose travel in his own vehicle is essential to furtherance of the employer's business along with "his transportation of the supplies which were stored

---

[7] Claimant offered copies of several text messages from two separate days that listed addresses and noted storm damage. Claimant did not provide any testimony or explanation about the content of the text messages, and the WCJ observed that the messages did not "directly relate to his assigned work on the date in question[, *i.e.*, October 1, 2021]." WCJ Decision at 4, Finding of Fact No. 5. They do not, in any case, establish that Claimant was a traveling employee.

11

at his home for his use in his work." *Hohman*, 46 A.2d at 477.  Simply, Claimant was not furthering the business of Employer while commuting home in his own vehicle from the yard where he began his workday.

For the foregoing reasons, we affirm the Board.  We conclude and hold that Claimant's evidence did not establish that he was a traveling employee without a fixed place of employment.  Accordingly, he was not acting in the course and scope of his employment when he was injured in a motor vehicle accident on his way home from work.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jorge Martinez,             :
          Petitioner         :
                               :
         v.                 :     No. 298 C.D. 2023
                               :
Lewis Tree Service (Workers'      :
Compensation Appeal Board),       :
         Respondent     :

## **O R D E R**

AND NOW this 8th day of February, 2024, the adjudication of the Workers' Compensation Appeal Board dated March 9, 2023, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita